**10**

## The City of Brownville v. Middleton.

PRACTICE: *A petition in error* must be filed with the transcript of the record of the District Court, and before the summons in error is issued, in order to give the Supreme Court jurisdiction.

The District Court for Nemaha county had rendered judgment against the plaintiff. It caused to be filed with the clerk of the Supreme Court a transcript of the record of the District Court, and also caused a summons in error to be issued and served. But it did not file any petition in error.

Section 584 of the Code provides that "The proceedings to obtain such reversal, vacation or modification, (of a judgment,) shall be by petition, to be entitled petition-in-error, filed in a court having power to make such reversal, vacation or modification; setting forth the errors complained of, and thereupon a summons shall issue and be served," &c.

Section 586 provides, "that the plaintiff shall file with his petition a transcript of the proceedings," &c.

*J. M. Woolworth*, for the city, moved for leave to file a petition, now, as of the date of the filing of the transcript.

*Redick & Briggs*, for Middleton, moved to dismiss the summons in error.

The Court, by LAKE, J., held that the Supreme Court obtained jurisdiction to review a judgment at law rendered by the District Court, only by the petition in error. That must be filed with the transcript, and before the summons issued. Until it was filed, there was no authority for issuing the summons, and the writ was void. It could not be filed afterwards, so as to retain the summons in error which had already been issued and served. The motion to file the petition now as of the date of filing the transcript is denied, and the motion to dismiss the summons is sustained.

Cause dismissed.