## Case No. 10,499.

### OLIVER v. OMAHA.

[3 Dill. 368;[1] 1 N. Y. Wkly. Dig. 385; 2 Cent. Law J. 772.]

Circuit Court, D. Nebraska. May Term, 1875.

INJUNCTION TO RESTRAIN ILLEGAL TAXES — AUTHORITATIVE FORCE OF STATE ADJUDICATIONS—FEDERAL JURISDICTION.

1. On a question of restraining the collection of city taxes, upon lands within the city limits, used exclusively for agricultural purposes, this court is bound by the decision of the supreme court of the state.

2. A citizen of another state, in the case of an illegal tax upon his real property, levied under state authority, may proceed originally in this court, notwithstanding a provision of the state statutes, requiring a previous decree in the state chancery court, before any sale for taxes can be made.

This was an action brought [by George T. Oliver] to restrain the collection of taxes by the city of Omaha on the plaintiff's lands lying within the corporate boundaries of said city, but used exclusively for agricultural purposes. No suit for the taxes had been commenced in the state court when this suit was brought. Submitted upon the pleadings and agreed state of facts. The 15th proposition in Mr. Thurston's brief, referred to below, is as follows: "(15) The relief sought is to restrain the sale of the land for the taxes, which sale, if made, would cast a cloud upon plaintiff's title. By general statutes in force at the commencement of this suit (see Gen. St. p. 940), after the first day of December, 1873, no sales of land could be made by treasurers for taxes levied thereon prior to the year 1872. The only manner in which sale for such taxes could be made after said date, was by a decree in chancery granted by the district court of the state, after judicial proceedings had therefor in the manner pointed out by the aforesaid statute, in which proceedings every party interested would have an opportunity to be heard upon the merits and equities, and which proceedings to obtain such a decree have been duly instituted and are now pending. The effect of a decree herein, then, would be to enjoin the action of a court of competent jurisdiction from rendering a decree of sale, or hearing the rights of the respective parties therein."

J. M. Woolworth, for plaintiff.
J. M. Thurston, for defendant.

MILLER, Circuit Justice. I am satisfied that the case comes within the principle of Bradshaw v. Omaha, 1 Neb. 16, and this court is bound by it. The only doubt I have had is raised by the 15th proposition of Mr. Thurston's printed argument; but, as the present plaintiff is entitled to come into the

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

federal court, I see no good reason why he should wait until he is sued in a state court with many others, who may have no such defence as he has, and then ask to remove his case into the federal court. Therefore, let a decree be entered for the plaintiff, for a perpetual injunction against the collection of the tax. Decree accordingly.

[NOTE. Subsequently the supreme court of Nebraska overruled the case of Bradshaw v. Omaha. Turner v. Althaus, 6 Neb. 64. The circuit court, in Kountze v. Omaha, Case No. 7,928, follows this last decision of the Nebraska supreme court.]