Lake, Ch. J.
The petition in the court below, was framed with two objects in view, first, to obtain a correction of the official bond upon which the action was brought; and, second, to recover a money judgment, for an alleged breach of one of the conditions thereof.
To this petition the defendants McDowell and Welm demurred, alleging the following grounds therefor: uFvrst. That the said plaintiff, has in his said petition, improperly joined causes of action, which cannot legally be joined in the same petition. Second That there is a defect of parties plaintiff and defendant.” This demurrer was sustained and the case dismissed,
We are of opinion, that there was no misjoinder of causes of action in this petition, even if a correction of the bond were necessary to entitle the plaintiff to recover a judgment for damages thereon. Sec. 87, of the Code of Civil Procedure, provides that “the plaintiff may unite several causes of action, whether they be such as have heretofore been denominated legal, or equitable, or both, when they are included in either of the following classes.” The first of these classes is where the causes of action are included in “the same transaction, or transactions connected with the same subject of action.” We think the plaintiff’s case, according to the theory upon which it was instituted, came clearly within *568 tlie operation of this section, and that there was no misjoinder of causes of action. The practice adopted by the plaintiff is eminently proper, where the correction of a written instrument is essential to a recovery for an alleged breach of its conditions. It operates as a great saving of time and expense to all the parties concerned, and no sound objection can be advanced against it. Globe Ins. Co. v. Boyle, 21 Ohio State, 119. Welles v. Yates, 44 N. Y., 525.
But we are of the opinion that the first mistake was made in supposing any reformation or correction of this instrument to be necessary. The failure to insert the names of the sureties in the body of the bond was of no consequence. The character of the instrument, the obligation which the jjarties respectively assume, and their relation to each other are all ajrparent from a reference to its terms alone. There is no ambiguity or want of certainty in any essential particular, and the defendants5 signatures at the foot of the instrument was sufficient to render them liable for any failure on the part of the defendant Carter, as probate judge, to observe its conditions. There being, therefore, no necessity for any correction of the bond, all of the sevei’al allegations of the petition directed to that end, might have been treated as surplusage, and the action proceeded with as one at law merely.
And this view of the case substantially disposes of the second ground of demurrer, for that was urged upon the theory that in an action to correct or reform such a bond, the nominal payee should be a party. It was conceded that in an action upon the bond simply to recover damages for a breach of its condition, the person injured by such breach could maintain an action in his own name alone. Indeed this right is expressly given by statute. Sec. 643, Code of Civil Procedure.
But we are not prepared to assent to the proposition *569 that the county is a necessary, or even a proper party, in any case of injury clone to a private person by a failure of the probate judge to perform the conditions of his bond — hot even where a reformation of the instrument is a part of the relief sought by the action. For these reasons the .judgment of the district court is reversed, and the case remanded to the court below for further proceedings. Mr. Justice Maxwell concurs.
Beversed and remanded.
Upon the motion to dismiss the appeal taken in this action upon its first presentation to this court, Mr. Justice Maxwell filed the following opinion.
Maxwell, J.
In this cáse McDowell and Welm, by their attorneys, demurred to the petition, assigning as grounds therefor: “First. That the plaintiff has in his said petition improperly joined causes of action which cannot legally be joined in the same petition. Second. That there is a defect of parties plaintiff and defendant.” The court sustained the demurrer and dismissed the case, to which the plaintiff excepted. Plaintiff appealed to this court. Defendants now move to dismiss the appeal.
A case of this kind should be brought into this court by petition in error, and not by appeal; but as the transcript is on file the plaintiff has leave to file petition in error. The motion to dismiss the appeal is sustained. Mr. Justice Gantt concurred.
Appeal dismissed.
Lake, Ch. J.
I cannot agree with the majority of the court that this appeal should be dismissed. In my opinion not only the authorities under the code practice, but reason as well, requires that the appeal should be sustained. There *570 are two causes of action set out in the petition. The first is an equitable one, wherein facts which are supposed to be sufficient to entitle the plaintiff to a reformation of a certain official bond, on account of a mistake in its execution, are alleged; and in the second. damages are claimed under the bond when reformed, in consequence of an alleged forfeiture. There is no doubt whatever that under the code, Sec. 87, these two causes of action may be joined in the same action.
Where a reformation of the instrument upon which the claim for damages is based is first required in order to justify a recovery thereon, the proceeding is essentially an equitable one, notwithstanding the fact that the court is authorized afterwards to try the question of damages arising under such reformed instrument in the same action. Indeed, in such case, the legal cause of action is secondary, depending upon the equitable one, and cannot exist without it. The mere fact that after the equitable relief is given, and the instrument made to conform to the intention of the parties, the court is authorized to retain the case for an inquiry as to the alleged damages, does not rob it of its equitable character, nor give to it a legal one. In my opinion this case is clearly within the act of March 3d, 1873, providing for appeals in actions in equity.
In the case of Cythe v. La Fontain, 51 Barb., 186, in which the plaintiffs cause of action was purely legal, being for the recovery of the possession of land from a purchaser who had made default in the payment of the purchase money, and in which the defendant interposed an equitable defense to the forfeiture, the court held that this defense gave to the case an equitable character, so far as to allow it to be reviewed on appeal, although it could not have been so reviewed if it had been strictly a legal action. Gooding v. M’Alister, 9 How., Practice Repts., 123.
*571 It seems to me very clear that tbe case at bar falls within tbe rule of tbe authority above cited, and that tbe motion to dismiss tbe appeal should be overruled.