JOHN CAMPBELL, PLAINTIFF IN ERROR, v. WM. SUTTON, DEFENDANT IN ERROR.

Practice : STRIKING TRANSCRIPT OF JUSTICE FROM FILES. The cause was tried before a justice of the peace and judgment for the plaintiff. The defendant takes it to the district court on error. Petition in error and undertaking for supersedeas filed in district court, May 31, 1880. Transcript filed in district court, Nov. 12, 1880. May 3, 1881, motion by plaintiff, there defendant in error, to strike transcript from the files, for causes stated at length in the opinion. Motion denied. *Held*, No error.

THIS was an action of forcible entry and detention brought before a justice of the peace, by John Campbell, who obtained a judgment of restitution there. William Sutton, the defendant, took the case on error to the district court, and on trial before POUND, J., judgment was rendered in his favor, reversing the judgment of the justice, etc., to reverse which Campbell brought the case here on a petition in error.

*R. B. Windham*, for plaintiff in error, cited *City of Brownville v. Middleton*, 1 Neb., 10. Maxwell's Justice, 145, 254. Swan's Treatise, 192.

*Stevenson & Murfin*, for defendant in error.

COBB, J.

There is but one question presented in this case in such

a way that we can examine it. That is the first one pre-sented by the petition in error, as follows:

I. The court below erred in overruling the motion of this plaintiff in error, to strike from the files of said court the transcript of the record of proceedings of Michael Archer.

The original judgment in the case was rendered by Michael Archer, justice of peace, on the 21st day of May, 1880. On the 31st day of May, 1880, the petition in error and undertaking for supersedeas were filed in the district court. On the 12th day of November, 1880, a transcript was filed in the district court. On the 3d day of May, 1881, a motion was made in the district court to strike the said transcript from the files, and the denying of which motion is assigned for error in this court. The grounds of said motion, as set out therein, are four:

I. For the reason that it does not contain the evidence taken in the trial before said justice.

II. For the reason that said transcript was not filed within the time required by law.

III. For the reason that it appears to be no part of plaintiff's petition in error.

IV. For the reason that it does not show that the exceptions taken to the rulings of the justice were signed and allowed by him, and the bill of exceptions copied into the docket as required in actions of forcible entry and detainer.

The plaintiff in error in his brief argues this point as though the motion clearly presented the point that the defendant in error did not, in bringing the case on error to the district court, "file with his petition a transcript of the proceedings containing the final judgment or order, sought to be reversed, vacated, or modified," as required by sec. 586, Comp. Stat., p. 607, and it will be so considered.

It seems that the first thing done in this case in open court was the presentation of this motion to strike this.

transcript from the files. It was then on the files of the case properly certified and endorsed, and there could be no possible doubt of its being the paper which it purported to be.

In the case of the *City of Brownville v. Middleton*, 1 Neb., 10, cited by counsel for plaintiff in error, the district court of Nemaha county had rendered a judgment against the plaintiff. It caused to be filed with the clerk of the supreme court a transcript of the record of the district court, and also caused a summons in error to be issued and served. But it did not file any petition in error. The plaintiff in error moved for leave to file a petition in error instanter. Defendant in error moved to dismiss the summons in error. This court, by the present Chief Justice, held "that the supreme court obtained jurisdiction to review a judgment at law rendered by a district court, only by the petition in error. That must be filed with the transcript, and before the summons is issued. Until it was filed, there was no authority for issuing the summons, and the writ was void. It could not be filed afterwards, so as to retain the summons in error, which had already been issued and served."

In the case at bar the district court had obtained jurisdiction of the subject matter and of the person of the there plaintiff in error, by means of the filing of the petition in error, and of the person of the there defendant in error by means of the summons in error. Thus having jurisdiction of the case, that court could supply every defect in the record necessary to the full consideration and disposition of it. It could, if necessary, compel the justice to furnish a transcript of the proceedings before him. If so, then by a lesser exercise of the same power, it could accept and file one voluntarily furnished, or, finding one on file, it could retain it for the purposes of the case, although it had not been filed contemporaneously with the petition in error.

As to the first ground contained in the motion "that it (the transcript) does not contain the evidence taken in the trial before the justice, we do not know of any law or rule which necessarily requires the justice to enter down on his docket the testimony given before him in a trial of this or any other kind of action, so that a true transcript would necessarily contain such evidence. Either party can, if he chooses, preserve such evidence in a bill of exceptions. And while it would be good practise for a justice to spread all bills of exceptions signed by him at length on his docket, yet the statute requiring it is not very clear, and in practice is difficult, if not impracticable, of observance. And in case where it is not observed that fact would certainly not deprive either party of the benefit of a transcript.

The second ground stated in the motion seems to have been abandoned, and is not true in point of fact.

As to the third ground, "That it appears to be no part of plaintiff's petition in error," it need only be said that the transcript need not, nor can it, be any part of the petition in error. Strictly speaking they should be filed together, but one is no part of the other.

The fourth ground is but a repetition of the first, and nothing more need be said on that point.

We therefore reach the conclusion that the district court did not err in denying the motion of plaintiff in error—there defendant in error—to strike the transcript from the files.

The only other point made in the petition in error is the general one: "That the said district court erred in reversing the judgment of the said Michael Archer, justice of the peace," etc.

By reference to the petition in error, filed in the district court by the plaintiff, defendant in error here, it will be seen that most of the points therein made are of such a character as to depend upon evidence introduced or

offered at the trial before the justice. Therefore, as none of the testimony is brought to this court, we must presume that the judgment of the district court thereon is correct. The judgment of the district court reversing the judgment of the justice of the peace, and retaining the cause for trial in said court on the merits, is affirmed.

JUDGMENT AFFIRMED.