D. A. HALE, PLAINTIFF IN ERROR, V. A. B. BENDER, DEFENDANT IN ERROR.

**Practice:** SETTING ASIDE DEFAULT. A default was taken against a defendant in the district court in May, 1881, and in November following he filed a motion, supported by an affidavit, to set the same aside, but offered no copy of his proposed answer nor set forth any facts showing a defense. *Held,* That the court did not err in overruling the motion.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*H. D. Kelly,* for plaintiff in error, cited *Blair v. West Point Mfg. Co.,* 7 Neb., 146. *Mills v. Miller,* 3 Neb., 95. *Burbank v. Ellis,* 7 Neb., 156.

*Robertson & Campbell,* for defendant in error, cited *Orr v. Seaton,* 1 Neb., 107. *Mulhollan v. Scoggin,* 8 Neb., 202. *Hardy v. Miller,* 11 Neb., 395.

MAXWELL, J.

The defendant in error brought an action in the district court of Madison county to recover from the plaintiff in error the value of a yoke of oxen. At the May term, 1881, of said court a default was entered against the defendant in the court below. At the November term of said court, he filed a motion, supported by an affidavit, to have the default set aside. The motion was overruled, and that is the error complained of in this court.

No answer to the petition was submitted to the court on the motion to open the default, but a motion, supported by an affidavit, in which it is stated that the defendant expects to prove that he has paid for said oxen. But there is an entire failure to state that he has paid for them. An affidavit as well as an answer must state facts and not inferences or conclusions. The defendant should have tendered his answer, supported, if desired, by an affidavit showing the cause of delay. But unless the answer states a defense there is no error in refusing to permit it to be filed. But where the proposed answer states a defense, the court must permit it to be filed upon such terms as to costs as may be just. It is very clear that the defendant has failed to set forth any facts showing a defense to the action. There is therefore no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.