Steele v. Haynes.

SAMUEL H. STEELE, APPELLANT, V. D. P. HAYNES ET AL., APPELLEES.

1. **Appeal**: FAILURE TO FILE ABSTRACT AND BRIEF. An appeal will not be dismissed for the mere failure of the appellant to file an abstract and brief within the time required by statute, unless it is apparent that the neglect is wilful, or that the appeal was not taken in good faith.

2. ———: LEAVE GIVEN TO APPELLANT TO FILE PETITION IN ERROR. Where the same relief can be given either by an appeal or proceedings in error, a transcript filed in the supreme court for an appeal, more than six months but less than one year from the rendition of the decree in the court below, will not be stricken from the files, but the appellant will have leave upon such terms as may be just to file a petition in error. On the failure to comply with the order to file the petition in error, the appeal will be dismissed.

3. **Judgment**: FINAL ORDER. An order before judgment dissolving a temporary injunction is not a final order and not appealable; but an order overruling an application to set aside a default and for leave to answer may be appealed or reviewed on error.

APPEAL from Butler county district court. Heard below before POST, J.

*Samuel H. Steele*, pro se.

*Charles E. Magoon*, for appellee.

MAXWELL, CH. J.

In March, 1885, a petition was filed in the district court of Butler county to foreclose a certain chattel mortgage executed by the defendant Haynes to one J. Robert Williams, upon personal property of said Haynes, to secure a promissory note for the sum of two hundred and sixty dollars and thirty cents. The following is a copy of said note:

Steele v. Haynes.

" $260.30.     DAVID CITY, NEBRASKA, May 24, 1884.

" Aug. 24th after date, for value received, I promise to pay to the order of J. Robt. Williams two hundred and sixty and 30-100th dollars at the office of Westover & Williams, David City, Nebraska, with interest from maturity until paid. The undersigned further agrees to pay as liquidated damages if action is brought herein.

"No. 1,630.        (Signed)      D. P. HAYNES."

It is alleged that on the same day the plaintiff purchased said note and mortgage of said Williams, and they were then duly endorsed and delivered.    On August 24, 1884, Haynes executed a second note to Williams for the sum of two hundred and eighty-four and 30-100th dollars, and a second chattel mortgage upon substantially the same property to secure said note.    This note and mortgage were transferred to one C. S. Hooper.

On the 2d day of June, 1885, default was taken against Haynes, and on the 5th of that month a decree of foreclosure was rendered.    On the same day on which the decree was rendered, the defendant Haynes filed a motion supported by affidavits and accompanied by an answer to open the default.    This motion, on the 13th day of the same month, was overruled.    Afterwards, an order of sale being issued, and the mortgaged property about to be sold, an order restraining the sale was obtained, which order, on the 27th of August, 1885, was dissolved.    The following certificate is attached to the bill of exceptions:

" The foregoing is all the evidence offered or given by either party on the hearing of said application to vacate and set aside the judgment and default heretofore entered in this case, and on the application of the defendant D. P. Haynes this bill of exceptions is allowed by me and ordered to be made a part of the record in this case.

"A. M. POST,

" Oct. 17, 1885.                              Judge."

Also, the following at the commencement of the bill of exceptions:

" In the district court of the county of Butler, State of Nebraska :

"Samuel H. Steele,
                    v.
" D. P. Haynes and C. C. Hooper.

" BILL OF EXCEPTIONS.

" Be it remembered that on the hearing of the application to open the judgment and set aside the default hereto(fore) entered in this cause, heard in the district court of Butler county at the————term, 1885, thereof, to-wit, the 13th day of August, 1885, the applicant, D. P. Haynes, submitted the affidavits following in support of said application." Then follow the affidavits and other evidence and certificate of the judge.  The date of final adjournment of the June, 1885, term of the district court of Butler county does not appear in the record.  On the 27th of February, 1886, the transcript was filed in this court.

The plaintiff now moves to dismiss the appeal, 1st, Because of the failure of the appellant to file an abstract and brief.  2d, Because the transcript was not filed in this court within six months from the date of the rendition of the decree, and, 3d, Because the order appealed from is not a final order.

This court, while it possesses the power to dismiss an appeal in case of the failure of the appellant to prepare an abstract and brief, will only do so where the appellant has wilfully failed to comply with the law or it is apparent that the appeal was not taken in good faith. . When a motion to dismiss is about to be made, of which the appellant has notice, it will in many cases be a sufficient excuse for the failure to prepare an abstract and brief, which, if the motion is sustained, would be superfluous.  The first ground of the motion, therefore, is overruled.

2d, That the appeal was not taken within six months

from the rendition of the decree. We find three dates given in the record when orders were made in the case, viz., June 13th, August 13th, and August 27th, 1885. It is evident that there is a mistake as to some of these dates. But even if June 13th is correct, this court will not dismiss a case where relief can be given either at law or in equity. *Stewart v. Carter*, 4 Neb., 564.

The error, if such it was, in overruling the application to open the decree, may be reviewed on error as well as appeal; and where such is the case, the court, upon such terms as may be just, will permit the filing of a petition in error. Id.

The 3d ground of objection, that the order-appealed from is not final, if applied to that dissolving the temporary order of injunction, would be correct; but the order from which the appeal is taken is for overruling the application to set aside the default and permit the defendant to answer. This, no doubt, is a final order and appealable. *Mulhollan v. Scoggin*, 8 Neb., 202. *Hale v. Bender*, 13 Neb., 66. *Spencer v. Thistle*, Id., 230. *Dorrington v. Meyer*, 8 Neb., 213. The third objection, therefore, is untenable.

The appellant will have leave, within twenty days, upon the payment of all costs in this court since docketing said cause, to file a petition in error and prepare and serve an abstract and briefs, and in case of his failure to comply with this order within the time designated, the appeal will be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.