CHARLES SANG, PLAINTIFF IN ERROR, V. HENRY J. LEE,
DEFENDANT IN ERROR.

Judgment: DEFAULT. In an action by L. against S., on a
money demand, S. failed to appear or answer; his default was
entered. L. proved up, and judgment was rendered in his favor.
Two days thereafter, and before the final adjournment of the
term, the defendant appeared and filed a motion to set aside the
default and judgment accompanied by his affidavit and an an-
swer to the merits. Plaintiff also filed an affidavit in resist-
ance. Considering the two affidavits together, it appears that
there had been an attempt at negotiating a settlement; defendant
claiming that negotiation was had after the suit began, while
plaintiff's counsel claimed that such negotiation was had and
failed before summons issued. The judgment of the district
court, refusing to set aside the judgment and default, upheld.

ERROR to the district court for Dodge county. Tried
below before POST, J.

*William Marshall*, for plaintiff in error.

*W. H. Munger*, for defendant in error.

COBB, J.

It appears from the abstract that on the 28th day of
March, 1885, the plaintiff, defendant in error, commenced
this action in the district court of Dodge county, and filed
his petition in said court, praying judgment against the
defendant, plaintiff in error, for a certain sum, the amount
of which, or the particulars of his cause of action, it is not
deemed necessary to state here. The said defendant hav-
ing failed to appear or answer, the plaintiff by his attor-
ney, on the 15th day of June next ensuing, the said court
being then in regular session, called up the said action;
and the said court having found that the said defendant
had had due and legal service of the summons in the said

action, his default was regularly entered, whereupon the said cause came on for a trial, and the plaintiff having waived a jury, the said cause was tried to the court, which, after hearing the evidence offered by the plaintiff, made a finding and rendered a final judgment for him.

On the 17th day of said month of June, the said court being still in session, the said defendant filed answer therein in said cause, setting out his defense to the said petition and action of the plaintiff, and tendering an issue therein; and thereupon made and filed a motion to set aside the said default, as follows:

### " MOTION.

" And now comes the defendant and moves the court here to set aside the default herein for the reasons following:

" 1st. Because the said default has not yet been entered upon the journal and records of this court.

" 2d. Because said defendant and the attorney of the plaintiff were in good faith making every effort to settle the matters in controversy in this cause without further litigation or costs, and that the defendant believed, and thought he had good reason to believe, that no default would be by the plaintiff taken against this defendant pending negotiations for said settlement, and said negotiations are still pending, as will more fully and at large appear from the affidavit of the defendant herewith filed and made part of this motion.

" 3d. That this defendant, believing that no default would be taken against this defendant, and that the said matter in dispute would and could be settled without further suit, he delayed filing his answer.

" 4th. That this defendant has a good and meritorious defense as to $506.73 of the amount claimed by the plaintiff.

" 5th. The defendant prays that the said default be set

aside, and that the defendant be allowed to file his answer herein."

And filed and presented the following affidavit in support of his said motion:

"AFFIDAVIT OF CHARLES SANG, DEFENDANT.

"Charles Sang, being first duly sworn on his oath, deposes and says that he is the defendant in the above entitled action, that the account attached to the petition of the plaintiff is an account in part between the firm of Henry J. Lee & Co., said firm being composed of the plaintiff, Henry J. Lee, and Charles A. Fried, and includes so much of said account as covers the time up to the spring of 1880; that the firm of E. M. Maxwell & Co. were doing business in the city of Fremont, Nebraska, from about the 23d day of January, A.D., 1878, up to about the first of May, 1881; that the Union Barbed Wire Company were desirous of obtaining from the said E. M. Maxwell & Co. a place in the building of said E. M. Maxwell & Co., wherein to manufacture barbed wire, and to obtain work and machinery from said E. M. Maxwell & Co.; that E. M. Maxwell & Co. were not willing to let the said Union Barbed Wire Company have any power machinery or the repair thereof, or to rent any part of the building occupied by the said E. M. Maxwell & Co. to said Union Barbed Wire Co., and that the said Charles A. Fried, who was then the manager of the business of the said Union Barbed Wire Co., promised to and agreed with the said E. M. Maxwell & Co. that the firm of H. J. Lee & Co. would give to the firm of E. M. Maxwell & Co. credit for the rent of the building occupied and rented by the said Union Barbed Wire Co. from the said E. M. Maxwell & Co., and would give the said E. M. Maxwell & Co. credit for whatever might become due from the said Union Barbed Wire Co. for anything that said Union Barbed Wire Co. might get of said E. M. Maxwell & Co.;

and the said E. M. Maxwell & Co., relying upon the promise of the said H. J. Lee & Co. to become responsible to the firm of E. M. Maxwell & Co. for the rent to become due from the said Union BarbedWire Co. to the said E. M. Maxwell & Co., did rent a part of their building to the said Union Barbed Wire Co., and did let the said Union Barbed Wire Co. have the use of their power and did repair and make machinery for said Union Barbed Wire Co., in all amounting to the sum of $506.73 ; that the said E. M. Maxwell & Co., during the time that said Union Barbed Wire Co. were so occupying the portion of the building of said E. M. Maxwell & Co.; the said E. M. Maxwell & Co. were making large purchases of hardware and iron from the said H. J. Lee & Co., and upon this account the said credit was to be given by the said H. J. Lee & Co.; that being on friendly terms with the said H. J. Lee, and being anxious of settling the matter of the said credit due from the said H. J. Lee & Co., this affiant called upon Wm. H. Munger, the attorney of the said H. J. Lee, a short time after the service of the summons in this case upon him, and at the time of said call explained to the said Wm. H. Munger the manner in which he was entitled to the said credit, and informed the said W. H. Munger that one George Maxwell knew the above stated facts, and also informed the said Munger, either in that call or in a subsequent conversation, that one Minor H. Hinman knew the above facts, or something of the above facts; that the said Munger agreed to ascertain from the said George Maxwell and the said Hinman all he could about the facts in this case, and that if the facts turned out to be as this affiant represented, the said Munger said he thought there would be no trouble in having the matter settled without the expense of further litigation ; that this affiant had several conversations with the said W. H. Munger in regard to said matter, in the effort to settle the same without further costs; and that from these conversations touch-

ing the settlement of the matters in dispute between this affiant and the said H. J. Lee, this affiant was led to believe, and did believe, that no default would be taken against him in this action, and that he would be called only to answer in case these efforts at settlement failed, and was very much surprised to find that a default had been taken against him; this affiant further states that he knows and verily believes that as to said sum of $506.73, a part proper of the account sued on in this action, this affiant has a good, meritorious, and valid defense; that as to the sum of $245.55 he does not claim to have a defense available to this affiant; and this affiant further says that had it not been for the said efforts made to have the matter in dispute settled without further litigation, he would have filed his answer herein at the proper time, and that he would have properly guarded his interests in said matter by filing his said answer; but as it was he neither employed an attorney or filed his answer, believing that these matters in controversy could and would be settled amicably without any further litigation or costs; and further, that he believed and thought he had good reason to believe that, pending negotiations for settlement, no advantage would be taken of him by way of default, and hence he did not file his answer herein, and that for the reasons above set forth he delayed filing his answer in said cause."

And thereupon, in resistance of the said motion, the plaintiff filed the affidavit of his attorney, as follows:

"W. H. Munger, being duly sworn, on his oath says that he is attorney for the plaintiff in this action, that he received from plaintiff the claim sued on in this action on or about the 1st day of April, 1884, that he at once notified defendant of the fact, and was informed by defendant that he was entitled to the credit of $506.73 which he claims in his answer, and asked for the account that he might look over and see if such credit had been given. Affiant then and there gave to the defendant an itemized

account as attached to plaintiff's petition, commencing with the item—

'1879.    To amount account rendered, $515.16,'

and all subsequent items, which affiant gave to defendant for examination; and afterwards, at the request of said defend-. ant, affiant obtained and gave to defendant for inspection the full itemized account which is attached to plaintiff's petition; and afterwards, at the request of affiant, defendant gave affiant for inspection an itemized account of his said claim of $506.73.    Affiant did inform defendant that he would urge upon plaintiff to settle with defendant said cause, and inform defendant; that if said Hinman and Maxwell understood the facts as he, defendant, stated them, he, affiant, thought the matter could be settled; but affiant says upon informing plaintiff of the claim of defendant, plaintiff denied the said claim, and the said Fried also denied the same, or that he had nor agreed that the firm of H. J. Lee & Co. would pay or credit the said E. M. Maxwell & Co· for their claim against the Union Barbed Wire Co. or any part thereof, of all which affiant informed defendant before the bringing of this action; and affiant says that he, affiant, did see the said Hinman about said matters, and was informed by said Hinman in substance that he could not recollect anything about the matter and knew nothing about the transaction; and affiant further says that after seeing the said Hinman, affiant, on or about the 25th day of March last, and before the bringing of this action, wrote to defend-. ant in substance of what Hinman said, and that he, affiant, had positive instructions to commence suit unless the matter was settled up, and that the suit must be commenced by the following Saturday, March 28, 1885, to get it into the next term of this court, and that if defendant wished to settle the matter without suit it must be done by that time; to which letter defendant answered under date of March 27th, 1885, as follows: "I am surprised at what you state about Hinman's remembrance of barb wire busi-

ness, and feel that he will talk different when he begins to refresh his memory. I will not be able to get down until evening, as Saturday is our busy day during the week. And affiant says, that not seeing the defendant, he, affiant, commenced the suit by filing the petition and having summons issued Saturday evening, the 28th of March, 1885; that some time afterwards, and before the term of court, defendant called into affiant's office and asked if we had heard from Maxwell, and was informed that affiant had not, and defendant then at that time asked for and took his itemized account for his said claim of $506.73, which was then in affiant's possession, and which conversation was the last affiant had with defendant about the matter until after the default and proof of claim was made. And affiant says that all of the conversations referred to by defendant as having had with affiant were before the bringing of this action, except the one conversation at the time defendant called for and obtained his itemized account; and affiant says he told defendant before bringing suit that he, affiant, had done all he could do to have the matter adjusted, but that plaintiff and C. A. Fried each denied said claim of defendant was chargeable to said plaintiff or said firm of H. J. Lee & Co., and that on the 15th day of June, 1885, affiant took the default and proved up said claim, and judgment was rendered in favor of plaintiff on said 15th day of June, 1885, but not entered on the journal."

And thereupon the said motion was submitted to the court upon the said two affidavits, there being no other evidence submitted by either party. The motion was overruled, to which the defendant excepted, and brings the cause to this court on error, and assigns for error the overruling by the court of his motion to set aside the default of the defendant and in not vacating the judgment.

The bill of exceptions contains the following paragraph:

"On the 17th day of June, 1885, the defendant filed his motion to set aside the said default and judgment, accom-

43

panied with his answer and his affidavit setting forth the grounds of his not filing his answer at an earlier date, and it was thereupon, on said 17th day of June, 1885, agreed between the plaintiff and defendant that the journal entry of said judgment should not be made until after said motion was disposed of by the court," etc.

Plaintiff in error takes the ground in his brief that it is the rule of practice in this state, that if the defendant at any time after default, and before judgment is entered against him, file his answer duly verified, setting up a good and meritorious defense, then the court must set aside the default and allow the defendant to answer, and he cites the case of *Hale v. Bender*, 13 Neb., 66. I do not understand that any rule exists going to the extent contended for; certainly the case cited fails as authority therefor. It is certainly within the power of the court at any time during the term at which a judgment by default has been rendered to set the same aside, and allow an answer setting up a meritorious defense to be filed. But the exercise of such power is a matter of discretion on the part of the court, to be governed by the facts of the case as set out in the showing. This discretion is a legal one, the abuse of which would be corrected by the appellate court. In the case at bar there were two affidavits, one in support of the motion, the other in resistance. These affidavits are conflicting. The chief point of departure between them is in this: The defendant states in his affidavit "that being on friendly terms with the said H. J. Lee, and being anxious of settling the matter of said credit due from the said H. J. Lee & Co., this affiant called upon Wm. H. Munger, the attorney of said H. J. Lee, a short time after the service of the summons in this case upon him (def't.), and at the time of said call explained to the said Munger the manner in which he was entitled to the said credit," etc. See affidavit. Now if this affidavit stood entirely alone, it would make a case showing that the default of defendant was en-

tered pending an attempt on his part to settle the matter of difference between him and the plaintiff, and avoid litigation. But it does not stand alone. The affidavit of W. H. Munger was before the court, in which it is alleged that the call of the defendant upon him, and all the attempts to come to a settlement on the part of the defendant, as set out in his affidavit, took place before the commencement of the suit, and before his notice to the defendant as therein specified; that he had positive instructions to commence suit against him unless the matter was settled, and that suit would be commenced unless the matter was settled by the following Saturday, to-wit, March 28th, 1885. Even had no such letter been written, the commencement of suit by the plaintiff on the day named must have been understood by the defendant as the termination of any negotiation in view of a compromise or settlement which may have existed between the parties before that time, and to consider his former conversation with the said attorney as excusing the negligence of the defendant in allowing the answer day to pass without availing himself of his defense would not only have been an injustice to the plaintiff, but would be to hold out an inducement for delay in others. At all events it cannot be said that the judgment holding the defendant to the consequences of such negligence under the circumstances was such an abuse of discretion as calls for the correction of this court. On the contrary, I think the decision of the district court right.

Defendant, in the brief of counsel, takes the ground that no judgment had been rendered against him at the time of the filing of his motion to set aside his default, for the reason that such judgment had not then been journalized or spread at length in writing on the docket of the court, although the plaintiff had proved up his cause of action and the judgment of the court thereon had been announced from the bench. I think that the judgment was rendered (and entered, too, if there is any difference between the two

words), on the 15th day of June, although the minutes thereof had not been spread upon the docket at the time of the making of defendant's motion.    To this point I cite the opinion of this court by Judge REESE, in the case of *Horn v. Miller, ante* p. 98.    And still, although the judgment had been rendered, nevertheless the court, not having finally adjourned the term, had full power to set aside the default and judgment, and doubtless would have done so had it been satisfied from the case before it that defendant did in fact rely and had a right to rely on any promise made or inducement held out to him by plaintiff or his attorney that the matters in dispute would be settled without trial.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

REESE, J., concurs.

MAXWELL, CH. J., did not sit.