GEORGE BENSON ET AL. V. L. H. MICHAEL ET AL.

[FILED MARCH 11, 1890.]

**Appeal and Error:** SUMMONS: FAILURE TO SERVE IN TIME. The transcript of the judgment of the district court was filed with the clerk of this court more than six months after the rendition of the judgment.   A notice of appeal was issued and service accepted by the defendants, who made no general appearance.   Sixteen months after the date of the judgment a petition in error was filed, and summons issued thereon, which was served on the defendants.   *Held,* On objection being made, that the supreme court acquired no jurisdiction, and that the proceedings must be dismissed.

MOTION to dismiss.

*Guy R. C. Reed, George E. Bertrand, G. W. Ambrose, Clinton N. Powell,* and *Montgomery & Jeffrey,* for the motion.

*Hall, McCulloch & English, contra.*

NORVAL, J.

The judgment complained of was rendered by the district court August 4, 1888. An effort was made to bring the case here on appeal. A transcript of the judgment was filed with the clerk of this court April 26, 1889, and a notice of appeal was issued and service accepted. On the 10th day of October, 1889, a motion was filed to dismiss the appeal, because the same was not taken within six months from the rendition of the judgment, which was sustained. On leave being given a petition in error was filed December 4, 1889. A summons in error was on the same day issued and afterwards served.

The case is submitted on a motion to dismiss the proceedings in error, because the petition in error was not filed and summons issued thereon within one year from the date of the judgment.

The summons in error was issued in this case sixteen months after the date of the judgment sought to be reviewed. It has been repeatedly held by this court that where the summons in error is not issued within the year, and there is no general appearance of the defendant within that time, no jurisdiction can be acquired by the supreme court. (*Baker v. Sloss,* 13 Neb., 230; *Hollenbeck v. Tarkington,* 14 Id., 430; *Rogers v. Redick,* 10 Id., 332.)

There was no general appearance of the defendants within the year and jurisdiction was not acquired, unless it was conferred by virtue of the giving of the notice of appeal. We have held at the present term, in *Schuyler v. Hanna,* 28 Neb., 601, that a notice of appeal is not necessary to confer jurisdiction. The law does not provide that one shall be given. For the convenience of attorneys it is required by rule 15 of this court. It is urged that the notice that was given should be treated as a summons in error.

Section 584 of the Code provides that "The proceeding to obtain such reversal, vacation, or modification [of a judgment] shall be by petition, entitled 'petition in error,' filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served.  *   *   *   The summons shall notify the adverse party that a petition in error *has been filed* in a certain case, naming it, and shall be returnable," etc.

Section 586 provides that "The plaintiff in error shall file with his petition a transcript of the proceedings," etc.

It is clear that the above quoted sections confer no authority to issue a summons until a petition in error has been filed.  Therefore if the notice of appeal be treated as a summons in error, it was void, having been issued long prior to the filing of the petition in error.  This question was passed upon by this court in *City of Brownville v. Middleton*, 1 Neb., 10.  The court in the opinion in that case says "that the supreme court obtained jurisdiction to review a judgment at law rendered by the district court only by the petition in error.  That must be filed with the transcript, and before the summons issued.  Until it was filed there was no authority for issuing the summons, and the writ was void.  It could not be filed afterwards, so as to retain the summons in error, which had already been issued and served.  The motion to file the petition now as of the date of filing the transcript is denied, and the motion to dismiss the summons is sustained."

The plaintiff in error cites *Bazzo v. Wallace*, 16 Neb., 290, as authority against the motion to dismiss.  The facts in that case are unlike the one we are considering.  In *Bazzo v. Wallace* the transcript was filed within the time required by law for an appeal, and the defendant entered a general appearance in this court, and after the expiration of the year from the date of the judgment, the appellant was permitted to file a petition in error.  Judge Max-

WELL uses this language in the opinion in that case : " The court, therefore, having jurisdiction of the subject-matter and of the person of the defendant, within the year following the rendition of the judgment, may permit any amendment in furtherance of justice that may seem just and proper."

The case of *Steele v. Haynes,* 20 Neb., 316, is not in conflict with the position we contend for in this case. That was an appeal in which the transcript was filed more than six months but less than a year after the rendition of the decree of the court. The motion to dismiss the appeal was filed within the year, based upon the ground that the *transcript* was not filed within six months from the date of the decree. The motion was overruled, and, as in the case at bar, permission was given to file a petition in error. The question whether the filing of such a petition and the issuing of a summons thereon more than a year after the entry of the final decree complained of would confer jurisdiction upon this court was not discussed or passed upon in *Steele v. Haynes, supra.*

The defendants by accepting service of the notice of appeal did not make a general appearance. Such acceptance left the defendants in the same situation as if the notice had been served by the sheriff. It simply took the place of service. The statute not requiring the giving of a notice of appeal, it is clear that had the notice been served by the sheriff it would not have conferred jurisdiction, and it follows that it was not acquired by the acknowledgment of service.

We are of the opinion that this court has never had jurisdiction of the defendants, and that the leave given to file the petition in error in this case was improvident and must be rescinded. The motion to dismiss the proceedings in error is sustained.

MOTION SUSTAINED.

THE other judges concur.