## M. Cahill v. T. C. Cantwell.

[Filed January 13, 1891.]

**Error Proceedings:** Not Barred by Attempted Appeal. A recovered a judgment against B in the county court of Greeley county for $57.10 on August 17, 1888, and on the 24th day of the same month B filed an appeal bond in said court, which was duly approved. On the 18th day of September, 1888, a transcript of the judgment was filed in the district court of the county for the purpose of taking an appeal. Subsequently, on motion of A, the district court dismissed the appeal because the transcript was not filed in that court within thirty days after the rendition of the judgment. Afterwards B prosecuted a petition in error to the district court from the judgment of the county court. *Held,* That the attempt to appeal was not a bar to the proceedings in error.

Error to the district court for Greeley county. Tried below before Tiffany, J.

*M. B. Gearon,* and *Gancelo C. Wright,* for plaintiff in error.

*T. J. Doyle, contra,* cited: *Irwin v. Nuckolls,* 3 Neb., 441; *People v. R. Co.,* 39 How. Pr. [N. Y.], 51; *Gudtner r. Kilpatrick,* 14 Neb., 351; 2 Herman, Estoppel, 1179; *Brooks v. Jacksonville,* 1 Scam. [Ill.], 568; *R. Co. v. Belt,* 36 O. St., 93.

Norval, J.

On the 17th day of August, 1888, the defendant in error recovered a judgment against the plaintiff in error, in the county court of Greeley county, in the sum of $57.10. On the 24th day of the same month the plaintiff in error filed in said court an appeal bond, which was duly approved, and on the 18th day of September he filed

a transcript of said judgment in the district court of Greeley county, and had his appeal docketed therein for trial.

At the October term, 1888, of the district court, on motion of the defendant in error, the appeal was dismissed for the reason that the transcript was not filed within thirty days after the rendition of the judgment, which judgment of dismissal remains in full force. On the 17th day of November, 1888, after said appeal was dismissed, the plaintiff in error filed a petition in error in the district court of Greeley county to reverse the said judgment of the county court entered on August 17, 1888, for alleged errors appearing on the face of the record. Subsequently, the defendant in error filed an answer pleading the attempted appeal as a bar to the proceedings in error. A general demurrer was filed to the answer, which was overruled by the district court and the proceedings in error dismissed.

The sole question to be determined is this: Where an appeal is dismissed on motion of the appellee because the same was not taken within the statutory time, is the appellant estopped from prosecuting a petition in error to reverse the same judgment? It may be stated as a general proposition that an appeal duly taken and docketed in time in the appellate court is a waiver of all errors and irregularities occurring prior to the entry of the judgment appealed from. In the case at bar the appeal was not perfected in time, and the attempt to appeal did not bar the right of the plaintiff in error to have the judgment of the county court reviewed on error. This rule has been recognized and applied by this court in several cases, by permitting petitions on error to be filed in cases brought to the supreme court upon appeal, where appeals have been dismissed because not taken in time.

The case of *Stewart v. Carter*, reported in 4 Neb., 564, was first brought to this court upon appeal. On motion of the appellee the appeal was dismissed, but leave was

given to file a petition in error.     The case was afterwards reversed on the errors therein assigned.

In· *Steele v. Haynes*, 20 Neb., 316, it was held that " where the same relief can be given either by an appeal or by proceedings in error, a transcript filed in the supreme court for an appeal, more than six months but less than a year from the rendition of the decree in the court below, will not be stricken from the files, but the appellant will have leave upon such terms as may be just to file a petition in error." (See *Carson v. Merle*, 3 Scam., 169.)

· We are aware that the case of *Irwin v. Nuckolls*, 3 Neb., 441, if followed, would sustain the ruling made by the district court in this case, but we are not satisfied with the conclusion therein reached.     Cahill had the right to have reviewed in the district court the judgment entered against him in the county court, either by appeal or on error. By a miscalculation of time his appeal was never perfected. In a legal sense no appeal was taken.     His right to prosecute a petition in error was not waived by the attempt to appeal.

It follows that the district court erred in overruling the demurrer and dismissing the proceedings in error.     The judgment of the district court will be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.