### HELEN L. JONES v. ALICE S. DANFORTH.

FILED FEBRUARY 17, 1904. No. 13,362.

1. **Appeal and Error.** A litigant, who brings to this court an appealable case, can not have it considered in this court both as an appeal and as a proceeding in error.

2. ——: ELECTION. If, in an appealable case, a transcript of the proceedings in the district court is duly filed in this court, and all proceedings taken necessary to a review upon proceedings in error as well as upon appeal, the party bringing the cause here may submit the same either as an appeal, or as upon proceedings in error. If he makes no choice, it will be considered as upon proceedings in error.

3. ——: ——. After serving and filing his brief in this court, in which he presents only questions not reviewable upon appeal, a party will not, ordinarily, be allowed to delay the hearing, by abandoning his proceedings in error and submitting the cause as upon appeal. Nor will he be allowed to make such change, except upon just terms, when his opponent will be required to rebrief the case, or is otherwise put to cost or expense thereby.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Objections to application to have case considered as upon appeal. Objections overruled.*

*Thomas H. Matters,* for plaintiff in error.

*Joel W. West, contra.*

SEDGWICK, J.

After a decree was entered for the defendants in the district court in an action in equity, the plaintiff filed in this court, within the time allowed by law for taking an appeal or prosecuting proceedings in error, a transcript of the proceedings in the court below, and a petition in error.

A summons in error was issued and served upon some of the defendants in error, but, not having been served upon all of the necessary parties, objections were made to the jurisdiction of the court, and the petition and summons in error were dismissed. The plaintiff below then asked to have his case in this court treated as an appeal, and the question upon this motion is, whether the case may be now heard as an appeal in this court. Many decisions of the court have been cited by counsel. It seems to be thought that they are conflicting and irreconcilable. Judge Strawn, in his work on Supreme Court Practice and Forms, 217, 218, so regards them. In the earlier practice it was several times attempted to have a case considered in this court both in the nature of an appeal and as a proceeding in error, but this the court refused to do. In *Monroe v. Reid, Murdock & Co.,* 46 Neb. 316, it is said:

"A case will not be considered in this court as both an appeal and a proceeding in error. A party must elect which remedy he will pursue, and, having filed a petition in error, must be presumed to have selected that remedy."

This case and many others which follow it are said by Mr. Strawn to be in direct conflict with the holding in *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900, in which it is said:

"If the judgment which the litigant seeks to have reviewed is appealable, he may have it reviewed on appeal or error, at his election; and he may make such election at any time before the final submission of the case in this court. He may dismiss his appeal and stand on his petition in error, or *vice versa;* but if he makes no such election, this court will review the judgment of the district court on error when there is filed with the transcript a petition in error."

This language is quoted, or cited, with approval in several subsequent cases. *Thomas v. Churchill,* 48 Neb. 266; *Chicago, B. & Q. R. Co. v. Cass County,* 51 Neb. 369; *Nebraska Land, Stock Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.,* 52 Neb. 410; *Slobodisky*

*v. Curtis,* 58 Neb. 211. The conflict in these two lines of cases is more apparent than real. In *Monroe v. Reid, Murdock & Co., supra,* it appears from the opinion that "the case was one which could have been appealed, and counsel for plaintiff in error, judging from a statement in the brief filed, view the case as here by appeal and by proceedings in error, and that it can be so considered." The court then quotes with approval from the opinion of *Woodard v. Baird,* 43 Neb. 310, to the effect that a party can not have his case submitted and considered both as an appeal and as a proceeding in error, and says that he must elect which remedy he will pursue, and, having filed a petition in error, he must be presumed to have selected that remedy. It is not necessary to quote from nor cite any other cases where this language is held, because, in all of them, we find one of two conditions: Either the party is urging that his case shall be considered in both ways, and that he shall, at the same time, have the benefit of both forms of procedure, or else, without specifically insisting upon the right to both remedies, no election has been made before the submission of the case. In all of these decisions it is held that a party can not pursue both remedies at once, and that, if the record is in such condition as that either remedy might have been pursued thereon, and the party bringing the case to this court has not expressly indicated which remedy he desires to pursue, the court, in making an election for him, will treat the case as here upon proceedings in error. And in all these cases where the language is used, "having filed a petition in error," as the test of the remedy elected by the party bringing the case here, the facts were that not only had a petition in error been filed but all the necessary steps had been taken to entitle the defendant to a hearing upon his petition in error, and, the case being finally submitted to this court upon such a record, the court considered it as a proceeding in error. So that the language used by the court must, in each case, be construed in the light of the facts of the case; and,

when so construed, there is no conflict between this hold-
ing and the language used in the decisions following
*Beatrice Paper Co. v. Beloit Iron Works, supra,* in which
it is held that he may make his election at any time before
he submits his case to this court.  He may make his elec-
tion before he finally submits his case; but, if he fails to
elect which remedy he will pursue, and the court takes a
submission of the case in that condition, in the absence of
any other decisive test, the court will consider that, by
filing a petition in error and taking all necessary steps
for a hearing thereon, he has selected that remedy.  This
would be the necessary inference if, after having taken all
the proceedings necessary to a hearing upon appeal, steps
not necessary to an appeal but necessary to obtain a re-
view in error are taken.  Such action, unexplained, must
mean that he is not satisfied to submit his case upon ap-
peal, and desires to have it considered upon error pro-
ceedings.

Of course, if the time for filing a petition in error and
procuring a summons in error to be issued and served
had expired, he could not take such proceedings, and
whether or not he had attempted to appeal would make no
difference in that regard.  An ineffectual attempt to ap-
peal would not extend the time in which he might take
proceedings in error.  While the record is in such condi-
tion that it will support either proceeding, he may choose
his remedy.

Filing a petition in error is not, in all cases, a con-
clusive test, but a litigant will not be allowed to trifle
with his adversary and the court.  If he serves and files a
brief, which presents questions only reviewable upon pro-
ceeding in error, and his opponent has duly answered such
brief, he ought not, afterwards, submit the case as upon
appeal, and serve and file a brief which presents questions
solely cognizable upon such proceeding, if, by so doing, the
hearing of the case will be delayed.  And even if such
course will not delay the hearing of the case, it should not
be allowed, except upon just terms.

In *Stewart v. Carter,* 4 Neb. 564, the case was first brought to this court upon appeal, but, upon motion of the appellee, the appeal was dismissed, and, although the time for appeal had expired, the appellant was allowed to file a petition in error upon his transcript, and the case was afterwards reversed on the error therein assigned. The same point was held in *Steele v. Haynes,* 20 Neb. 316. The case of *Irwin v. Nuckolls,* 3 Neb. 441, which appears to hold a contrary doctrine, was expressly overruled in *Cahill v. Cantwell,* 31 Neb. 158. In *Schuyler v. Hanna,* 28 Neb. 601, it is said:

"A liberal construction should be given all laws providing for appeals—such a construction as will not abridge the right. The mandatory part of the above quoted statute is 'that the party appealing shall within six months after the date of the rendition of the judgment or decree, or the making of the final order, * * * file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court.' On the filing of such transcript within the statutory time, this court acquires jurisdiction."

We are satisfied with this view, and think that the question at bar comes within its spirit. *Cahill v. Cantwell, supra,* was an attempted appeal from the county court to the district court, but it was not taken in time, and was dismissed upon motion of appellee. The question was whether the appellant was estopped from prosecuting a petition in error to reverse the same judgment. The court said:

"It may be stated as a general proposition that an appeal duly taken and docketed in time in the appellate court is a waiver of all errors and irregularities occurring prior to the entry of the judgment appealed from. In the case at bar the appeal was not perfected in time, and the attempt to appeal did not bar the right of the plaintiff in error to have the judgment of the county court reviewed on error."

In this case the error proceedings were never perfected. A hearing upon proceedings in error has been prevented

Jones v. Danforth.

by technical objections. All steps necessary to perfect an appeal were taken within the statutory time, and it is not the policy of the law to prevent a hearing in the court of last resort under such circumstances.

It is urged that the statute prescribes that, in taking an appeal, the appellant must file his transcript in this court and have the same "properly docketed"; that this statute has not been complied with, because it was not docketed here as an appealed case. We do not see any merit in this contention. The appellant can not have the same properly docketed, in the sense that he may compel the clerk to make the entries in proper form. The intention of the statute must certainly be to require the appellant to do everything incumbent upon him to do, so that the case may be properly docketed, and when he has done that, he has done his part. Again, the words "properly docketed" can not be held to relate to nice distinctions in making the entries upon the record in correct form, but rather to the duty of doing what is necessary to have the case placed upon the docket of the court, so that it will be before the court in its proper order, and that adverse parties may raise such questions thereon as they see fit. If the question presented in this court was of such a nature that it might be determined either upon appeal or error proceedings, then a change of election as to the manner of presenting it would be immaterial, as was held in *Thomas v. Churchill,* 48 Neb. 266.

The objection to proceeding as upon appeal in this case is overruled.

OBJECTION OVERRULED.