## JOHN P. FOULKS, APPELLANT, *v.* CHARLES W. PEGG, RESPONDENT.

SEIZURE BY SHERIFF OF GOODS ATTACHED BY CONSTABLE. Where a sheriff seized and sold on execution out of a District Court goods which were held by a constable on attachment out of a Justice's Court: *Held,* that the sheriff, though he was responsible to the constable, was not so to the creditor in the attachment suit.

SPECIAL PROPERTY OF OFFICER IN PROPERTY ATTACHED. An officer who has seized goods upon attachment has a special property in them, coupled with the right of possession; and any interference therewith gives him a right of action against the wrong-doer.

RIGHTS OF ATTACHMENT CREDITOR AS TO PROPERTY ATTACHED. An attachment creditor has no interest or property in or possession of the attached goods by reason of the levy, and cannot maintain an action in his own name for interference therewith against a wrong-doer, his only remedy being against the officer.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The property attached by the constable and afterwards seized and sold by the sheriff consisted of some forty thousand feet of lumber lying at Verdi, in Washoe County. The aggregate amount of claims for which it was attached was between seven hundred and eight hundred dollars. This suit was for that amount and an additional sum of four hundred dollars, for traveling and other expenses alleged to be the direct result of the defendant's wrongful acts.

*William Webster,* and *W. M. Boardman* for Appellant, cited: *Gaulet* v. *Asseler,* 22 New York, 225; *Manning* v. *Monaghan,*

28 New York, 585 ;    *Yates* v. *Joyce*, 11 Johnson, 136 ;    *Lane* v. *Hitchcock*, 14 Johnson, 213 ;    *Gardner* v. *Heartt*, 3 Denio, 232.

*Haydon & McElvaney*, for Respondent.

By the Court, LEWIS, C. J. :

The appellant instituted several suits against one Moses Robinson, before a justice of the peace, and obtained the issuance of attachments, upon which certain lumber·was seized and taken into possession by the constable.   Afterwards, upon an execution issued from the District Court of Washoe County, the defendant, who is the sheriff of that county, by his deputy seized, took out of the possession of the constable, and sold the lumber attached by the latter.   Executions afterwards having been issued in the suits of Foulks against Robinson by the justice of the peace, the constable returned no property could be found.   The plaintiff brings this action to recover from the sheriff the value of the lumber taken by him from the possession of the constable.   The facts are fully related in the complaint, to which a general demurrer was interposed and sustained by the court below.   From the judgment thus rendered against the plaintiff this appeal is taken.

The demurrer was correctly sustained, for the reason that the plaintiff's right of action, if any exist, is against the constable, whose duty it was to hold the lumber attached to satisfy the judgments which might be obtained by the plaintiff.   He had a special property in it coupled with the right of possession, and any interference with it gave him a right of action against the sheriff.   But there is no such relation existing between the plaintiff and the sheriff, nor has the former such interest in property attached, as to authorize an action by him against one wrongfully seizing it. The law upon this question is thus stated by the Supreme Court of Massachusetts, in *Ladd* v. *North*, 2 Mass. 515.   " Where the sheriff seizes the goods of a debtor on an execution, to make money of them to satisfy the creditor, he has a special property in the goods, and if they are taken from him he may maintain trover or trespass against the wrong-doer.   The reason of the law is because

he is accountable to the judgment creditor for a sum of money equal to the value of the goods, and it would be unjust if he could not indemnify himself by the recovery of damages for the wrongful taking. But the creditor has no interest or property in or possession of the goods by reason of the levy ; and can maintain no action against the wrong-doer in his own name, his only remedy being against the sheriff.

There may be no fault chargeable upon the constable, still it is no defense against the claim of judgment creditor. Nor can he in such case suffer injury, for he has his remedy against the sheriff. We can conceive of no ground upon which the judgment creditor can maintain an action against the trespasser, a wrong-doer, when in contemplation of law the trespass or wrong is against the officer from whom the property is taken.

The judgment of the Court below must be affirmed.