JOHN IRWIN AND OTHERS, PLAINTIFFS IN ERROR, v. STEPHEN F. NUCKOLLS AND OTHERS, DEFENDANTS IN ERROR.[a]

**Practice**: SETTING ASIDE JUDGMENT.  A party having appealed from a judgment of the district court, to the supreme court, has so recognized it as to be estopped from assailing it as having been irregularly entered.

AT the March term, 1872, of the district court of Otoe county upon affidavits tending to show that a judgment entry upon the journal of said court for the March term, 1869, was irregularly entered, and without authority of court placed there, motion was made by defendants in error for an order vacating the same.  The court, Chief Justice Mason, presiding, granted the order, which was excepted to, and to reverse which the case is brought to this court.

For any fuller understanding of the facts, beyond those stated in the opinion, reference may be had to the case of *Nuckolls v. Irwin*, 2 *Neb.*, 60.

*Seymour & Wardell*, for plaintiff in error.

*Calhoun & Croxton and G. B. Scofield*, for defendants in error.

CROUNSE, J.

This case is not a stranger in this court.  Several attorneys appear as parties on one side of the case, and to recover from an adverse decision therein, they have displayed tact and persistence which it is hoped they will discover in all their efforts for others.  From the affidavits incorporated in the record, and from what appears in this court, it is shown that this was a case which, although arising in the first judicial district, was, because of disqualification of the judge assigned to that district, heard

[a] Decided July Term, 1872.

before the judge of the second. The judgment following the trial was adverse to the plaintiffs in the court below, the defendants in error here. That judgment may be found on the records of the district court of Otoe county, approved with others, for the March term, 1869. Although an attempt was made a year and a half thereafter to ignore this one, and to place another judgment upon record, I am satisfied that it was not from any real distrust that the entry of March, 1869, was not a regularly entered judgment. The appearance docket of this court shows, and it is not denied by any one, that an effort was made to appeal from the decree or judgment of March, 1869, which was attended by a fatal miscalculation of time in which such appeal should have been taken. Hence the proceeding at the October term, 1870, and the attempt to appeal which immediately followed. *Vide Nuckolls v. Irwin, 2 Neb.,* 60. Assuming then, as we are warranted in doing, that the judgment of March, 1869, which has been set aside by the last order of the district court, has been appealed from, the party so appealing is estopped now from assailing it as having been irregularly or wrongfully entered. A party must take his stand somewhere. If the entry was irregular and unauthorized, it was known to the parties when the attempt was made to appeal from it. The defendants in error were not required to recognize it, either as the subject to appeal from, or as the foundation upon which to build another judgment. But, having accepted it, first as a judgment, and next as a finding, as their own advantage suggested, without questioning the regularity of its entry, they cannot now deny what they have thus admitted.

The case of *The People v. The Albany and Sus., R. R. Co.,* 39 *How., Pr.,* 51, is quite in point. In that, there was a motion made by one party to set aside a judgment for irregularity, after appeal had been taken by the same party. Among other things, Judge Johnson in

delivering his opinion, says: "It appears very clearly and plainly from the moving papers, and indeed the contrary is not pretended, that the counsel for the moving party knew, and were fully aware of all the acts and omissions on the part of the attorney and counsel of the other party, in whose favor judgment was rendered and entered, before and at the time such judgment was entered, and before the appeal was brought and perfected. Upon this state of facts, all the irregularities complained of, up to and including the entry of the judgment, if such they were, have been waived and cured by the appeal, and are no longer available to the party against whom the judgment is rendered. Conceding for the purposes of this point, that the things complained of were irregularities for which the judgment would have been set aside, had the defeated party taken advantage of that in due season, still, having passed them by, and taken another and different step in the action, they cannot now go back and take up these alleged irregularities and have them passed upon as if they were still open and available. They have each and all been waived and forever cured by the appeal. It was an onward step without regard to the irregularities, which were as well known to the moving party then as now, and which placed all parties in a new and different relation to each other. This principle of waiver of irregularities in proceedings in action, on the part of any party who might have taken advantage of them had he chosen to do so, by moving in the action afterwards as though the proceedings had been regular, has been so long established in practice, and is so well settled, that it admits of no doubt or question. The exception is, that the waiver does not extend to irregularities of which the party was wholly ignorant when the subsequent steps were taken. I shall not undertake to cite authorities on this question. The books are full of cases on the subject, and the principle is as old as the

history of practice and proceedings by action. Had not the contrary doctrine been strenuously contended for by the several eminent counsel of the moving party, I should not have supposed that any doubt could have existed in the minds of the profession in regard to it. * * The appeal had consigned all irregularities to the dead past beyond recall or resuscitation."

The order of the court below must be reversed.

REVERSED.

Mr. Justice Lake concurs.