[No. 1391.]

THE STATE OF NEVADA, ex rel. HUMBOLDT COUNTY, Plaintiff and Relator, v. J. A. BLOSSOM, LEOPOLD STEINER and ROBERT HOGAN, as the Board of County Commissioners of Lander County, Defendant and Respondent.

(Syllabus by Bigelow, J.)

1.—Mandamus—Remedy to Compel Board of County Commissioners to Allow Claim Based on Judgment.—Where a board of commissioners of a county, without legal justification, refuse to allow a claim based upon a judgment regularly obtained against the county, *mandamus* is the proper remedy.

2—County—Judgment Against, Same as Audited Claim Against.—The rendition of a judgment against a county is an auditing of the claim within the meaning of the statute, and it becomes the duty of the commissioners to allow it as an audited claim, unless some sufficient defense exists to the judgment. It makes no difference in this rule whether in the action in which the judgment was obtained the county was plaintiff or defendant.

3—Costs—Regularly Entered Become Part of Judgment, and not Subject to Collateral Attack.—When regularly entered up in a judgment the costs of the action become a part of the judgment, and their amount and justice are not subject to collateral attack.

4—Mandamus—When Lies as to Judgment and Discretion of Officer, Discussed (19 Nev. 89, followed).—The rule that *mandamus* does not lie to control the judgment and discretion of an officer only applies to the act to be commanded, and not to preliminary matters. (*State* v. *Murphy*, 19 Nev. 89, followed). All the questions arising in this case, such as whether there is a judgment, and whether any defense by the county exists thereto, are merely preliminary questions concerning which the court will review the decision of the board. Suggested, also, that the true criterion in such cases is whether it was intended that the action of the officer should be final, and if not, whether there is any other plain, speedy and adequate remedy.

5—JUDGMENT—FINALITY OF.—Where a party has treated a judgment as final by appealing from it to the supreme court, which appeal has been entertained and decided upon its merits, he cannot afterwards claim that no final judgment has been entered in the case.

6—COSTS—MOTION TO RE-TAX, UNDECIDED.—The fact that a motion to re-tax costs has never been decided does not stay the execution of the judgment nor destroy its conclusiveness as to the amount and legality of the costs.

ORIGINAL PROCEEDING. Application for writ of mandate.

The facts are sufficiently stated in the opinion.

· Argued orally.

*M. S. Bonnifield*, for Relator:

.· (No brief on file.)

*D. S. Truman*, for Respondent:

The board, in the allowance or rejection of all claims, act in a judicial capacity, except where the law governing their action has made their duty a ministerial one. (41 Cal. 68; 20 Cal. 72; 55 Cal. 375; Gen. Stats., sec. 1941–1950.)

And the board, from the proceedings shown in the return, held that the amount claimed was still an unaudited claim, and that it was subject to such defenses as arose subsequent to its rendition and entry.

The first time under the statute of this state when the duty to allow a claim or demand against the county becomes a ministerial act, is pointed out in section 1964, Gen. Stats.

Relator's petition fails to show that its claim is in this condition.

This section also furnishes a plain, speedy and adequate remedy in the ordinary course of law regarding the enforcement of every demand against a county. (41 Cal. *supra*; 20 Cal. *supra*; 9 Nev. 557; 12 Nev. 105; 14 Nev. 336; 68 Mo. 22; ·10 Neb. 361.)

The office of the writ is to compel action, not to correct error. (4 Nev. 119; 8 Nev. 309; 22 Cal. 35.)

The board having acted on this claim and rejected the same, *mandamus* is not the proper remedy. (16 Nev. 217; 6 Tex. 457.)

In order to sustain relator's contention and this proceeding, this court must take, to my mind, the incorrect stand

that there can be no defense to a judgment rendered against a county arising subsequent to the rendition of such judgment. If such be the law affecting a county, then it is contrary to the law affecting individuals under like circumstances, and places a county at a truly peculiar disadvantage in transacting its business. I call attention to the defenses that are allowed to judgments, among which are: Want of jurisdiction, fraud, payment, the statute of limitation, counterclaim, set-off, and the like.

In section 372, 2 Black on Judg., it is said: "And in others, by the abolition of the distinction between law and equity, precisely the same result has been brought about, the courts hearing any defense available to the defendant, whether legal or equitable in their character." (*U. S. ex rel. Redfield* v. *Windom*, 137 U. S. 656; 128 U. S. 40.) In this case the court says: "The court will not interfere by *mandamus* with the executive officers of the government in the exercise of their ordinary official duties, even where those duties require an interpretation of the law, the court having no appellate power for that purpose."

The examination of all the questions of law and fact upon which the validity of a claim depends is what is meant by the statute when it speaks of auditing claims. (14 Nev. 138.)

In 51 N. W. Rep. 969, was a case where the county claimed a set-off, and it is held that *mandamus* was not the proper remedy to determine that question.

The case of *Dempsey* v. *Township of Oswego*, 51 Fed. 97, is a case where the defense of the statute of limitations was sustained and applied as I claim it ought to be done here.

In 28 Pac. Rep. 18, is another where the same defense was applied to county warrants after issuance.

It will be distinctly understood that I now simply am claiming that the power exists in a board to make such a defense to a judgment regardless of the question whether it determines the question correctly or incorrectly within its power, and that it is a question of no moment here, for the instant it is determined that the power exists in the board to determine the question it inevitably follows, as the law and a logical sequence, that the proceeding must be dismissed because relator's petition shows that the board has already acted. (Freeman on Judg., 3 ed., sec. 29; 2 Black on Judg.,

sec. 617; 22 Cal. 468; *Naefie* v. *Naefie*, 7 John Ch. 1; 32 Cal. 211).

It therefore being the law that a defense arising subsequent to the rendition of a judgment can be set up, I see no good reason why in determining such defense or its absence the board in this case did not stand in position to determine it, and if it be conceded that it had such right the above authorities which hold that *mandamus* will not be issued to compel an inferior tribunal to render any particular decision stand in full authority here.

The method or reasoning used by the board is not then subject to review by *mandamus* proceedings.

The only time the statutes say a board has only ministerial functions to perform and allow the judgment is after the proceedings contemplated by section 1964, after a board has rejected a claim. To now compel an allowance of this kind, or demand, would be directly in the face of section 1967. But if the course laid down in section 1964 is pursued, and the judgment is obtained on the suit therein provided for, the defenses set up are extinguished, and they and the claim are merged in the judgment and the claim then for the first time assumes a different form, and the allowance of such judgment does not render useless and senseless section 1967.

A county has a right to "a day in court" which cannot be extinguished to a defense arising subsequent to the rendition of a judgment, and my contention is that the judgment on which this proceeding is based is not in proper condition, nor has the proper legal status been obtained to warant the issuance of a writ to enforce its allowance. (55 Cal. 483.)

As is said in *Peo.* v. *Brooklyn*, 1 Wend. 318: "There must be a right therefor without any other adequate remedy or a *mandamus* does not issue, and I am of the opinion that the right must be complete and not inchoate."

On such defenses they act originally for the first time on the presentation of the judgment for allowance or rejection.

Counties are governed by the same rules of practice as individuals, unless the contrary be provided by statute, and there is only one exception, and that is that on an appeal no undertaking need be filed. (*Clarke* v. *Lyon Co.*, 8 Nev. 181–196.)

This matter wholly fails to come within the rule enunciated in 2 Nev. 34–40.

A judgment upon a claim which is disputed is, at the most, only an auditing of that claim. (34 Cal. 291.) But it will be remembered that the costs here have never as yet been passed upon to determine the correct amount.

The cost bill shows on its face that it contains improper and illegal charges, and brings the case directly, in my opinion, under the rule on which the case, 2 Brad. 166, Id., was determined and the *mandamus* denied.

The second position taken by respondent is that *mandamus* will not lie to compel the enforcement of a void judgment, and that the judgment of the district court of Elko county, under the statutes of Nevada and the law, is a void judgment.

A judgment is defined by statute to be a "final determination of the rights of the parties in an action or proceeding." (Gen. Stats. 3169.) And the statute says "costs shall be allowed, of course, to the defendant upon a judgment in his favor in the actions mentioned in section 475." (Gen. Stats., 3499.)

Again, the judgment is void because it is not such a judgment as the court was authorized to render or enter. (1 Bl. on Judg., sec. 242–248; 109 U. S. 258; 57 Ala. 628; 99 Mass. 267; 43 Mo. 502; 82 Va. 232; 83 Va. 338.)

Under the practice act there is no such thing as an interlocutory judgment in a suit on the law side of the court for costs.

See authorities cited *supra*, and this being the only judgment ordered, rendered or entered, the same is an absolute nullity, as is said by Black on Judg., sec. 695, "an interlocutory order is not a judgment; it is not a judgment at all."

By the Court, BIGELOW, J.:

In an action brought by Lander county against Humboldt county in the district court of Elko county, judgment was entered in favor of the defendant for costs. Upon appeal to this court by Lander county this judgment was affirmed. Humboldt county then presented to the defendants, as the board of commissioners of Lander county, a claim for the costs as entered up in the judgment in the former action, which they rejected. This proceeding is brought to compel

them to approve the same as a legal claim against Lander county.

No execution can issue in this state against the property of a county, and it follows that if the relator is not entitled to the writ of *mandamus* to compel the defendants to allow the claim, there is no way by which it can enforce its judgment. Under such circumstances *mandamus* is the remedy usually resorted to and allowed. (Merrill on Mandamus, sec. 30; 2 Dillon, Mun. Corp., sec. 850.)

Counsel for defendants contends that the writ should not issue in this case, for the reason that the claim has never been audited by the board of commissioners, or rejected by them, and a judgment thereafter obtained upon it; that it is only after a claim has been presented to the commissioners and rejected by them, and then a judgment obtained upon it, as contemplated by Gen. Stats., sec. 1964, that a peremptory writ of *mandamus* can issue to compel the board to allow the claim. Before this can be done, as he contends, this judgment must be presented as an ordinary claim against the county, and upon being rejected another action brought upon it, in which the county will be a defendant, and another judgment obtained thereon.

We are, however, of the opinion that the ascertainment by the judgment of a court having jurisdiction of the case that a certain sum is due from the county, is an auditing of it within the meaning of the statute, and that when so audited it becomes the duty of the commissioners of the county to allow it as such (*Alden* v. *Alameda County*, 43 Cal. 270; Merrill on Mandamus, sec. 130), unless some sufficient defense exists thereto, such as fraud in obtaining it, the statute of limitations, a set-off, etc.

When regularly entered up in judgment, the costs become as much a part of the judgment as anything else contained therein, and their amount and justice are no more subject to collateral attack. It follows that if a second action were permissible, and were brought upon this judgment, the plaintiff would certainly be entitled to a second judgment, unless some defense, such as those suggested, existed thereto. The claim was not rejected upon such grounds, nor does it appear that any sufficient defense to the judgment exists, and consequently a ruling that another action is necessary would

simply subject Lander county to the additional costs thereby entailed. Such a proceeding would be worse than useless, and in our judgment is entirely unnecessary. It is the fact that the county's liability has become fixed and settled, and is no longer open to controversy, that makes it the absolute duty of the defendants to allow the claim, and it is equally as fixed where the claim is made upon a judgment upon which the county was plaintiff, as it would be were it a defendant therein. A judgment so obtained would be open to the same defenses that this one is, and no more nor less. The duty to allow such a claim as this exists independently of Gen. Stats., sec. 1964, and consequently is not confined to the circumstances therein mentioned.

· 2. It is said, however, that the determination of whether any defense to the judgment exists involves the exercise of judgment and discretion upon the part of the board; that it consequently becomes a judicial question, and that the writ of mandamus will not issue to control the judgment and discretion of the board. In a certain sense this is true, and it is doubtless difficult to draw a line between ministerial duties, the exercise of which will be controlled by the writ, and those involving the exercise of judgment and discretion, which will not. Considerable loose language has been used in the decision, and they are, perhaps, to some degree in conflict, but it is nevertheless very clear that the fact that the act involves to some extent the determination of disputed questions of either law or fact, and consequently the exercise of judgment and discretion, does not prevent the court from taking jurisdiction nor from compelling the officer to act in a particular way, for otherwise there would be very few cases indeed in which the writ could ever issue.

This point, as it arises here, has, however, been so well considered in the recent case of the State v. Murphy, 19 Nev. 89, that it is unnecessary to more than briefly refer to that decision. It was there held that, while the writ will not issue to control discretion, or to revise judicial action, this rule applies only to the act to be commanded by the writ, and not to the determination of purely preliminary questions. That principle is decisive here. All the questions concerning which the board could possibly exercise any judgment or discretion; such as whether the claim is based upon a valid judgment;

and whether any defense exists thereto, are merely prelimi-
nary ones to the main question of whether it is their duty to
allow the claim. If no such question exists, or if it is
determined against the board, then we see at once that it
becomes their mere ministerial duty to approve the claim;
and if such were alleged, it would, under that decision,
devolve upon us to pass upon it, and if we concluded it
untenable, the writ should issue, no matter what the con-
clusion of the board may have been.

What seems also another sufficient answer to this conten-
tion is stated in the case of *Woods* v. *Strother*, 76 Cal. 545,
where it is held in one of Mr. Commissioner Hayes' most
luminous opinions, that the true criterion is not whether the
act sought to be controlled by the writ calls for the exercise
of judgment and discretion in the officer, but whether it was
intended that this decision should be final, and if not,
whether there is any other plain, speedy and adequate rem-
edy. Here no one will contend that it was intended that the
rejection of the relator's claim should finally conclude its
right to recover thereon, nor is there any other speedy and
adequate remedy. Having obtained a judgment which
finally determines in the affirmative the relator's right to
recover its costs, the only adequate remedy is one that will
give it the fruit of that successful litigation, which only the
writ of *mandamus* will do.

4. Gen. Stats., sec. 1995, requiring claims against a county
to be presented within six months of the time they become
due or payable, by its terms only applies to unaudited
claims, and if we are right in the conclusion to which we
have come that a claim upon a judgment duly rendered is an
audited claim, then this section has no application.

5. It is next argued that it was not the duty of the board
to allow this claim, for the reason that no sufficient judg-
ment has ever been entered in the case in which the claim is
made. In that the judgment is simply for costs, and in no
wise determines the questions that were at issue in the
action, and consequently is not a final judgment. We regard
this as one of the preliminary questions that the board had
the right to pass upon in the first instance, but in which the
correctness of their conclusion is subject to review by this
court. It would seem that under the decisions the judgment

is insufficient (1 Freeman on Judg., sec. 16; 1 Black on Judg., sec. 31), but we are of the opinion that the defendants are not in a position to take advantage of the defect. Lander county treated it as a final judgment when it appealed from it to this court, and we entertained the appeal and decided the case upon its merits. Having treated the entry as a judgment decisive of the merits of the case, and having taken and received the benefit of a remedy which it was otherwise not entitled to, we think that Lander county, and consequently the defendants, as its representatives, should now be estopped to claim that no final judgment has been entered in the action.

In Bigelow on Estoppel, page 601, the author says: "It may accordingly be laid down as a broad proposition that one who has taken a particular position in the course of a litigation must, while that position remains unretracted, act consistently with it."

*The People* v. *The Albany & Sus. R. R. Co.*, 39 How. Pr. 51, and *Irwin* v. *Nuckols*, 3 Neb. 441, read in connection with *Nuckols* v. *Irwin*, 2 Id. 60, are quite in point. See, also, 1 Herr. Est. & Res. Jud., sec. 285.

In *Clark* v. *Dunnam*, 46 Cal. 204, the court said: "The only point to be decided under the agreed statement is whether the decree of August 20, 1869, is a final money judgment in the sense of the statute, and, therefore bore interest. The plaintiff in this action treated the decree as final when he prosecuted an appeal from it. If it was not final his appeal should have been dismissed on that ground. But we entertained the appeal and decided the cause, and, in justice, the plaintiff should now be estopped to deny the finality of the decree."

6. After the filing of the cost bill the plaintiff, Lander county, made a motion to re-tax the costs. This motion has never been heard or disposed of, and it is urged that for this reason the judgment is not conclusive of the amount and correctness of the costs therein entered. Any error in the cost bill should have been corrected in that action. We regard the judgment as conclusive in this proceeding that the costs therein entered were properly charged. A simple motion to re-tax would not stay the execution or enforcement of the judgment, nor destroy its conclusiveness, and, there-

fore, whether now pending or not, it is immaterial in this proceeding.

Let the writ issue.