(No. 5482. Decided May 26, 1905.)

WILLIAM CLARK et al., Appellants, v. CHARLES S. ELTINGE et al., Respondents.[1]

COSTS—TAXATION—AFFIDAVIT—BURDEN OF PROOF. Where a cost bill is verified in substantially the language of the statute and served within ten days after the filing of the opinion, the burden of proof will be on the opposite party to disprove the allegations thereof.

SAME—FOR TRANSCRIPT. No costs for transcript, in excess of the amount paid to the clerk of the superior court therefor, can be recovered.

SAME—FOR PRINTING BRIEFS. Where the cost bill does not show that the amount paid for printing briefs was "actually and necessarily" paid, only 75 cents per page will be allowed.

SAME—FOLIOS. Ten cents per folio is the maximum amount that may be recovered for a statement of facts.

SAME—SERVICE OF COST BILL. Where there is no proof of service, a cost bill will be disregarded.

1Not yet reported in Pacific Reporter.

Exceptions to the taxation of costs by the clerk of the supreme court, on the reversal of a judgment of the superior court for Spokane county.  Denied.

*B. C. Mosby,* for appellants.

*William T. Stoll* and *B. B. Adams,* for respondents.

OPINION OF CLERK ON TAXATION OF COSTS.

On the 18th day of April, 1905, the court filed its opinion in this case (38 Wash. 376, 80 Pac. 556) reversing the judgment of the lower court, and, within the ten days thereafter allowed by the rules of court, the appellants served and filed their cost bill, in substantially the following words, omitting the title of the cause:

| | |
|---|---:|
| "Transcript | $ 35.00 |
| Statement of Facts | 81.00 |
| Opening Brief | 45.00 |
| Expressage | .75 |
| Reply Brief | 28.50 |
| Expressage | .35 |
| Docket Fee | 5.00 |
| Attorney's Fee | 25.00 |
| Total | $220.60 |

"STATE OF WASHINGTON, COUNTY OF SPOKANE, SS:

"I, B. C. Mosby, first being duly sworn, say that I am the attorney for the appellants in the above-entitled action, and that the foregoing is a true bill of costs and disbursements incurred on the appeal of the said cause.  B. C. Mosby.

"Subscribed and sworn to before me this 25th day of April, 1905.  F. L. Taylor, Notary Public in and for the State of Washington, residing at Spokane, Washington.  Seal of F. L. Taylor."

Subsequently and within ten days after the service upon them of the cost bill, the respondents served and filed their exceptions thereto, fully raising the issue as to the sufficiency of the allegations of the cost bill to entitle the appellants to recover thereon.

Rule xiv of the supreme court is as follows:

"RULE XIV. Cost Bills. — (1) The prevailing party shall, within ten days after the filing of the opinion in a case, file with the clerk a cost bill, and serve upon the adverse party a copy thereof. If any adverse party objects to any item or items thereof, he shall serve upon the prevailing party exceptions to such cost bill, together with affidavits in support of his exceptions, if desired, and file the original, with proof of service, with the clerk of the court within ten days after service of the cost bill upon him. Whereupon the clerk shall tax the costs to which the prevailing party is entitled, and shall notify the parties of such taxation. Either party may except to the taxing of any item or items, or failure to tax the same, and shall serve such exceptions on the adverse party and file the same with the clerk within ten days after such taxation. Said exceptions shall be heard by the court on the first motion day after the expiration of five days from the date of service of such exceptions. If the party fail to appear at such time, the court will consider such exceptions upon the affidavits on file and the records in the cause, and determine the same.

"(2) If no cost bill is filed and served, the clerk will tax as costs only the clerk's costs, printing of briefs at seventy-five cents per page, the statutory attorney fee, and the cost of transcript at the rate of five cents a folio.

"(3) Where a cost bill has been served and filed in time, and no exceptions thereto filed, objection thereto will be deemed to have been waived."

It therefore becomes the duty of the clerk at this time to tax the costs to which, in his judgment, the prevailing party is entitled, subject to an appeal to the court as provided above, and notify counsel thereof. Heretofore, it has not been the general practice of the clerk to assign any reason for his conclusions, and where exceptions have been taken to the rulings of the clerk, the court has very rarely filed an opinion in passing upon them, hence I have thought it advisable to depart from the customary practice this once, and give the bar generally the benefit of my conclusions. Costs are allowed strictly in pursuance of the statutes, and

unless some statutory authority therefor is found, no costs at all can be allowed, and presumptions cannot be indulged in favor of a party claiming costs.

Bal. Code, § 6528, is the provision under which costs in civil actions are allowed in the supreme court, and is as follows:

"Costs shall be allowed in the supreme court, irrespective of any costs taxed in the case in the court below, to the prevailing party in the supreme court, on any appeal in any civil action or proceeding as follows: The fees of the clerk of the supreme court paid by the prevailing party, the fees of the clerk of the court below for preparing, certifying and sending up the records on appeal, or any supplementary record, paid by the prevailing party, and twenty-five dollars attorneys' fees, besides his necessary disbursements for the printing of briefs, and any sum actually paid or incurred by the prevailing party as stenographer's fees, not exceeding ten cents a folio, for making a transcript of the evidence or any part thereof included in the bill of exceptions or statement of facts; but when the judgment of the court below shall be affirmed in part and reversed in part, or affirmed as to some of the parties and reversed as to others, or modified, the costs shall be in the discretion of the court, and when the judgment is reversed and a new trial ordered, the court may in its discretion direct that costs of the prevailing party shall abide the result of the action. When in the opinion of the supreme court a brief of the prevailing party shall be unnecessarily long, or improper in substance, the court may in its discretion order the disallowance as costs of any part or the whole of the disbursements for printing the same."

The first item excepted to is "Transcript $35." It does not appear from the cost bill or from the affidavit thereto, that this item constituted the clerk's fees for preparing, certifying and sending up the record. The transcript might have been prepared from office files, in which event the clerk would only be required to compare it with the records of his office and certify to it, for which the law authorizes him to make a charge of five cents a folio. It is true the transcript may have cost the prevailing party the sum charged, but under

the statute they may only recover the amount paid the clerk, and as they make no claim to having paid the clerk any sum, I am of the opinion that they are only entitled to the sum of five cents per folio therefor, which by careful computation we find to be $16.95.

The next item is printing briefs. The statute allows the necessary disbursements for the printing of briefs, and in my judgment the affidavit to the cost bill should show that the amount paid was "necessarily paid" and, that fact not appearing in the affidavit, the statute has not, in my opinion, been sufficiently complied with, to entitle the appellants to recover thereunder. I have therefore allowed 75 cents per page as provided by the rules, where no cost bill is filed, amounting to $71.25.

No provision either in the statute or rules is made for the recovery of express charges, hence those items are disallowed.

Statement of facts.—The statute reads, "any sum actually paid or incurred by the prevailing party as stenographer's fees, not exceeding ten cents a folio, for making a transcript of the evidence or any part thereof included in the bill of exceptions or statement of facts." It is much more difficult in this instance to determine just what the legislature meant, but in my judgment it meant such parts of the evidence as could not be made a part of the record without transcribing, such as the oral testimony of witnesses, etc., and did not include copies of documents which were received as exhibits and filed in the case. I think the statute might also be construed to include copies of public records which from their nature, and the inconvenience to the public, could not be spared by their respective custodians. The statute requires copies of the proposed statement of facts to be served upon the adverse party, but the maximum amount that can be recovered for the statement is ten cents per folio, and no provision is made for a recovery for the copies.

In this case the respondents filed the affidavit of the stenographer to the effect that the statement of facts contained

not to exceed 405 folios and that he made the same at the instance of the appellants. I am inclined to the opinion, that there is a sufficient showing to entitle the appellants to recover at the rate of ten cents per folio therefor, or $40.50.

Respondents also except to the transcript as containing "irrelevant, redundant and immaterial matter" not necessary nor used by the court in determining the issues. This may be true, but as the irrelevant and redundant matter is not pointed out, the clerk will not attempt to go over the entire case simply for the purpose of determining what, if any, part of the record is irrelevant and redundant. That exception is therefore overruled.

Attorneys filing exceptions to cost bills should bear in mind that, if they raise a question of fact by their exceptions, the burden of proof is upon them. This may seem to be a little incongruous in view of the fact that the costs are in the nature of an original, unliquidated claim against the opposite party. But it seems to me that it would be decidedly impractical to adopt any other course. While there seems to be no provision of the statutes requiring the cost bills in the supreme court to be verified, manifestly they should be verified, otherwise an exception, to some statement in the cost bill, which is verified, would necessarily control. The practice, therefore, is that upon serving and filing a cost bill verified, substantially in the language of the statute, within ten days from the filing of the opinion, a *prima facie* case is made, which must be overcome by proof of the party excepting thereto.

C. S. REINHART,

*Clerk.*

PER CURIAM.—Ordered that the motion to retax costs in this cause be and the same is hereby denied.