# SUGARMAN CO. *v.* MORSE BROS.

## No. 2772

May 3, 1927.                                  255 P. 1010.

1. APPEAL AND ERROR—APPEALABLE ORDER.
   Where demurrer raised question of sufficiency of facts pleaded to entitle plaintiffs to injunction, and order refusing relief amounted to denial of application for injunction, order was not rendered nonappealable by fact that it was designated as restraining order.

2. APPEAL AND ERROR—DISMISSAL.
   Appeal taken from order denying restraining order and appointment of receiver "and the whole thereof" was not subject to be dismissed, though order denying restraining order might not of itself sustain appeal.

3. APPEAL AND ERROR—RULE 8.
   Question of insufficiency of record, presented in supplemental brief on motion for dismissal of appeal, was raised too late, under supreme court rule 8.

4. JOINT ADVENTURES—INJUNCTION AND RECEIVER.
   Where one corporation, after agreeing with another to purchase certain mill property for their joint benefit repudiated agreement, excluding other from participation in control, and proceeded to dismantle and sell mill and equipment, other corporation was entitled to injunction and appointment of receiver.

5. JOINT ADVENTURES—PLEADING.
   Complaint alleging corporations entered into agreement whereby one was to purchase mill and milling property in behalf of joint interest for benefit of both corporations *held* to allege "joint adventure."

6. PLEADING—FRAUD.
   Rule that mere allegation of legal conclusions will not suffice to show fraud does not require that facts and circumstances of fraudulent acts be alleged in minute detail.

7. JOINT ADVENTURES—LAW APPLICABLE.
   In suit by one corporation against the other to have receiver appointed of property which one corporation agreed to purchase for use and benefit of both, law of receivers applicable to partnerships controlled, not that applicable to corporations.

8. JUDGMENT—EFFECT OF FEDERAL COURT DECISION.
   Dismissal of suit brought in federal court by one corporation against another, for appointment of receiver of property purchased for joint benefit, *held* not decision on merits, where based on want of jurisdiction under judicial code, sec. 57 (U. S. Comp. St. sec. 1039), on account of plaintiff's lacking lien or title to property or contract involved.

9. JUDGMENT—EFFECT OF FEDERAL COURT DECISION.
   In action in state court by one corporation against another for injunction and appointment of receiver to manage property alleged to have been purchased for joint benefit, decision

of federal court dismissing case for want of jurisdiction under judicial code, sec. 57 (U. S. Comp. St. sec. 1039), *held* not binding on merits, where case was dismissed on ground that plaintiff failed to acquire lien or claim to title to property involved.

10. INJUNCTION—PRAYER.

Under prayer for general equitable relief, party may have any relief to which he is entitled, including relief by way of injunction.

11. PLEADING—PRAYER.

Where answer is interposed, prayer for relief in complaint becomes immaterial.

### C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 107, p. 354, n. 53; sec. 271, p. 458, n. 33, 34; 4 C. J. sec. 2531, p. 642, n. 22.

FRAUDULENT CONVEYANCES—27 C. J. sec. 680, p. 774, n. 98.

INJUNCTIONS—32 C. J. sec. 1, p. 19, n. 1; sec. 552, p. 334, n. 81.

JOINT ADVENTURES—33 C. J. sec. 2, p. 842, n. 5; sec. 91, p. 869, n. 81; sec. 97, p. 871, n. 21.

JUDGMENTS—34 C. J. sec. 1206, p. 788, n. 95; sec. 1645, p. 1162, n. 73.

PLEADINGS—31 Cyc. p. 50, n. 69; p. 55, n. 12; p. 111, n. 3, 98; p. 322, n. 17.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Suit by the Sugarman Iron & Metal Company and another against the Morse Bros. Machinery & Supply Company. From an order denying an injunction and the appointment of a receiver, plaintiffs appeal. **Reversed with directions.**

*Platt & Sanford* and *Brownstone & Goodman,* for Appellants:

Appeal is from order refusing to issue restraining order and appoint receiver. Civ. Pr. Act, sec. 387; Rev. Laws, 5329, as amended Stats. 1913, c. 91, p. 113; Maitia v. Allied Land etc. Co., 49 Nev. 451.

Defendant elected to stand on so-called demurrer. When no answer is filed, allegations of petition may be taken as true in considering appointment of receiver. 2 Tardy's Smith on Receivers, 1961.

Relation between joint adventurers is fiduciary. That one party sees fit to take control is not sufficient to invalidate rights of others who have performed their part and stand ready to further aid. Profits of joint

adventure may consist not only of money, but of unsold portion of property. One party may sue for breach of contract, share of profits, or contribution for advance in excess of his share, but remedy at law does not preclude suit for accounting. Botsford v. Van Riper, 33 Nev. 156; 23 Cyc. 454.

Equity by extraordinary remedies preserves status quo and gives fullest possible relief. Coadventurers are not relegated to suit for damages, but are entitled to enjoy property in kind and exercise business talents in affairs. It will not permit agent to use knowledge acquired while acting for principal to deprive latter of just deserts. Lind v. Webber, 36 Nev. 623; Miller v. Walser, 42 Nev. 497; King v. White, 24 So. 710; Hoge v. George, 18 A. L. R. 369.

Insolvency is not factor when fraud is alleged and complaining party is excluded. Joint adventure is partnership. Maynard v. Railey, 2 Nev. 313; Cole v. Price, 60 P. 153.

Only thing decided in federal court was that it had no jurisdiction under seldom used section 57 of federal code. Merits were not passed upon. How can any opinion of that court dismissing case for want of jurisdiction prevent this court from granting equitable relief when it has jurisdiction? State court's decision is controlling in construction of state statute. State v. Chin Gin, 47 Nev. 431; Crocker v. Scott, 87 P. 105.

*Price & Hawkins,* for Respondent:

Merely to allege that injury would be irreparable is not sufficient. Pleading must show how and why it would be so. Extraordinary remedy will not be allowed where defendants are solvent or there is adequate remedy at law. Thorn v. Sweeney, 12 Nev. 251.

Demurrer admits allegations only of fact; not conclusions, inferences, predictions or arguments. 6 Stand. Pro. 943; Pom. Code Rem. (4th ed.) 609.

Federal court disclaimed jurisdiction because there were no facts stated showing legal or equitable lien or that suit was to enforce lien or remove cloud. Plaintiffs, having no title to property and none of their

moneys having been employed in purchase, court held proper action was for breach of agreement. Fed. Jud. Code, secs. 57, 1039; U. S. Comp. Stat. 1916, vol. I, p. 1165; Royston v. Royston, 21 Ga. 161; Smith v. Bryan, 34 Ga. 53.

Receiver will not be appointed if plaintiff has adequate remedy at law. If existence of joint adventure is in issue, or if there is no proof fund is in danger, or association or its members insolvent, court will not appoint receiver or issue injunction. 13 Stand. Pro. 47, 122, 135, 75; 14A C. J. 947; Tardy (2d ed.), sec. 8; Rowland v. Auto. Car Co. 133 Fed. 835; 1 Tardy, 476, 1565. Plaintiff is entitled only to accounting. Wood v. Wood, 40 SE. 416.

Stats. 1915, c. 142, sec. 11, 3 Rev. Laws, p. 3344, constitutes complete revision of Civ. Pr. Act, sec. 414 (2 Rev. Laws, 5356). Water Co. v. Belmont, 49 Nev. 172. By sec. 414, on appeal from final judgment transcript of notice of appeal is required, whereas by sec. 11, Stats. 1915, c. 142, original notice of appeal and undertaking is required. Record in compliance with sec. 414 would be insufficient. Gill v. Goldfield Con., 43 Nev. 1.

## OPINION

By the Court, SANDERS, C. J.:

This matter is before the court on an appeal from an order refusing an injunction and the appointment of a receiver.

The complaint alleges that Sugarman Iron & Metal Company is a California corporation, and that the defendant is a Colorado corporation; that for some time past the said corporations had engaged in several joint adventures and enterprises whereby both corporations had advanced means and money for the purchase and exploitation in their joint account of various and divers industrial plants for salvage purposes; that thereafter one George G. Morse, the president of the defendant company, discussed with plaintiff Davidson and with one Meyer Sugarman, the president of plaintiff corporation, the advisability of entering into a joint enterprise

for the purchase of that certain mill, milling equipment, tools, accessories, etc., of the Comstock Merger Mines, Inc., and of the Comstock Milling Corporation, situated in Storey County, Nevada; that prior thereto the plaintiffs had visited said properties and had thoroughly investigated the same and thereafter requested the said Morse, who was in Denver, Colo., to come to Reno, Nevada, for the purpose of joining with them in a joint enterprise for the purchase, exploitation, and subsequent sale of the property mentioned.

That negotiations thereafter took place between the said parties at Reno, Nevada, and, as a result thereof, it was agreed among the parties named that they visit the properties mentioned and they did on the following day visit the same; that on the day thereafter it was agreed among the said Morse, acting for and on behalf of the defendant company, and the said Sugarman, acting for and on behalf of the Sugarman Iron & Metal Company, and the said Davidson, in his own behalf, that they would jointly purchase said property for and on the joint account, in equal shares and interest as to investment, loss, and profit, of the said parties; that it was further then and there agreed that the said Morse should go East for the purpose of entering into a contract of purchase of the said property, and that said contract of purchase should be entered into between the owners of said property and the defendant company, acting for and in behalf of the joint interest of the parties hereto; that thereafter, and on or about November 26, 1926, the said Morse entered into an agreement with the said Comstock Merger Mines, Inc., and the Comstock Milling Company to purchase and did purchase on behalf of the defendant company and the plaintiffs the property herein mentioned; that said contract and agreement of purchase was entered into in the name of the defendant company, but for the use and benefit of the parties hereto, in proportion and interest as above stated.

The complaint further states that the defendant has not disclosed to either of the plaintiffs the fact that said contract was entered into, but has willfully, deliberately,

and fraudulently concealed said fact from the plaintiffs, with the express, deliberate, and fraudulent purpose of depriving plaintiffs of their just rights, benefits, share, and profits in and to said purchase, sale, handling, and exploitation of said property, and that the defendant has attempted and is attempting to dispose of parts of said mill and milling property for and on its own behalf, and has engaged employees actively to superintend and to carry on the work of dismantling, removing, and selling said property, and that it is the intention of said defendant to repudiate its agreement.and understanding with the plaintiffs and to deprive them and each of them of any interest whatever in and to said contract and agreement and the property described therein.

It is further alleged that the defendant threatens to sell and to remove said property from the jurisdiction of the State of Nevada and to remove the proceeds thereof out of the State of Nevada, and to deprive these plaintiffs of any participation or voice therein and of any benefit or profit therefrom; that the defendant has in truth and in fact repudiated its agreement with the said plaintiffs and has excluded each and both of them from any and all participation therein in the present and future management, control, exploitation or sale of any part or portion of said property or from dealing or trading therein.

It is further alleged that the defendant has "deliberately, willfully, and fraudulently purchased said property as aforesaid with the willful, deliberate, and fraudulent intent then and there had to fraudulently deprive the plaintiffs of any right, title, or interest therein, and to fraudulently deprive them of the fruits and benefits thereof."

The complaint further alleges that the plaintiffs have tendered and offered to the defendant to perform all of the terms, covenants, and conditions of said sale, binding upon them, and to perform each and every part, covenant, or condition of the said contract and agreement, and that they have always been ready, willing, and anxious to so perform and are still ready so to do,

and are ready and willing to submit to each, every and all orders of the court with respect to any demand or duty to be performed by them, in the performance of any of the provisions and conditions of said sale.

The complaint further alleges that the defendant is engaged in dismantling and selling a part or portion of said mill, machinery, equipment, and accessories, to the great detriment, damage, and irreparable loss of the plaintiffs, and that, unless restrained, the defendant will continue to dismantle, dispose of, and sell said machinery, or will ship and remove the same from and out of the state and the jurisdiction of the court, and will prevent all funds, revenues, and moneys derived from the sale thereof from entering or coming within the State of Nevada.

The complaint further alleges that the only method whereby the rights and interests of the plaintiffs can be protected in the premises is through the appointment of a receiver.

The complaint concludes with a prayer that an order be issued requiring the defendant to show cause why it should not be restrained from selling or removing said property and for the appointment of a receiver, and for general relief.

A show cause order was entered upon the filing of the complaint, in response to which the defendant appeared both by answer and demurrer. The grounds of demurrer are: That the complaint does not state facts sufficient to constitute a cause of action; that it does not state facts sufficient to justify the appointment of a receiver, or for the issuance of a restraining order or injunction, or for any other extraordinary or equitable relief.

When the matter came on for hearing before the lower court, it was argued upon the questions raised by the demurrer, at the conclusion of which an order was made, from which we quote as follows:

"The court at this time renders its decision on defendant's demurrer to plaintiffs' complaint heretofore argued and submitted, and orders that on the prayer of

plaintiffs for certain orders providing for the issuance at this time of a restraining order against defendant and the appointment of a receiver, the court denies said request."

After the appellants had filed their opening brief on appeal, a motion was made to dismiss the appeal, which was denied at the conclusion of the argument thereon. The matter was thereafter argued upon the merits and submitted. Thereafter and on April 20 counsel for respondent filed a petition for a rehearing on the motion to dismiss, and on April 25 filed a "supplemental brief," wherein additional reasons are urged as grounds for the dismissal of the appeal.

Section 387 of the civil code (Rev. Laws, sec. 5329, as amended by chapter 91, Stats. 1913, p. 113), provides that an appeal may be taken from an order refusing to grant an injunction or to appoint a receiver.

1, 2. One of the contentions made in support of the motion to dismiss is that the court did not refuse to grant an injunction, but that it refused to issue a "restraining order" which, it is said, is not an appealable order. The other contention is that, while an appeal lies from an order denying the appointment of a receiver, in view of the fact that the appeal is from an order denying the application for an injunction and for the appointment of a receiver "and the whole thereof," the appeal will not lie if no appeal can be taken from the order denying the application for the "restraining order."

By its demurrer the defendant raised certain legal questions, and one of them was as to the sufficiency of the complaint to sustain an order for a "temporary restraining order or for an injunction." The court, in passing upon the questions raised, does not use the term "temporary restraining" order, but uses the expression "restraining order."

We do not know what was in the mind of the court when it made its ruling, but it is certain that the demurrer raised the legal question of the sufficiency of the facts pleaded to entitle the plaintiffs to an injunction, and the fact is that, as long as the order which the

court did make stands, it amounts in legal effect to a denial of the application for an injunction. The terms "restraining order" and "injunction" are frequently used as synonymous, and, in view of the legal effect of the order made, we feel that we should hold that the point made is without merit. Be this as it may, the motion was properly denied, for the reason that the appeal from the order refusing to appoint a receiver is properly taken. The appeal having been taken from the order as a whole, the motion to dismiss must be denied. We think both of the grounds urged were highly technical and without merit, and the petition for a rehearing is denied.

3. The so-called "supplemental brief" urges the insufficiency of the record in the case as another reason for the dismissal of the appeal. This point is made too late under rule 8. Furthermore, it was not raised in the original motion. Nelson v. Smith, 42 Nev. 303, 176 P. 261, 178 P. 625. Besides, there is no merit in it.

4. We are now brought to a consideration of the questions presented as to whether or not the court erred in refusing to grant an injunction and to appoint a receiver.

5, 6. On the oral argument counsel for respondent generously conceded that the complaint sufficiently alleges a joint adventure. Under the authority of Botsford v. Van Riper, 33 Nev. 156, 110 P. 705, and Lind v. Webber, 36 Nev. 623, 134 P. 461, 135 P. 139, 141 P. 458, 50 L. R. A. (N. S.) 1046, Ann. Cas. 1916A, 1202, there can be no doubt on that point. But, while counsel makes the concession stated, it is said that the complaint pleads no facts showing fraud, but merely conclusions. We agree that the mere allegation of legal conclusions will not suffice and that one who seeks to prove fraud must allege facts from which the inference of fraud may be drawn, but it is not required that the facts and circumstances be alleged in minute detail, or that a detailed statement of the fraudulent acts be stated. 27 C. J. 773.

7. In discussing the case, counsel for respondent cite in their brief many cases growing out of applications

for the appointment of a receiver of a corporation. The law of receivers applicable to corporations cannot control in the instant case, but rather the law of receivers applicable to partnerships. Botsford v. Van Riper, supra; Keyes v. Nims, 43 Cal. App. 1, 184 P. 695; Fried v. Guiberson, 30 Wyo. 150, 217 P. 1087; 23 Cyc. 453.

We think the complaint pleads sufficient facts to justify both an injunction and a receiver.

The Supreme Court of the United States in Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 956, in speaking of a case the facts of which brought it within the rules applicable to a partnership, said:

"Any unauthorized attempt by one to oust the other from the position and rights assigned to him by the contract was, therefore, not only a breach of their agreement, but a fraud upon the relation they had assumed to each other. Such a wrong it is the province of a court of equity to prevent. A chancellor will interfere by injunction to restrain one partner from violating the rights of his copartner, even when a dissolution of the partnership is not necessarily contemplated. Story's Equity, sec. 669."

In New v. Wright, 44 Miss. 211, the court, after alluding to the allegations of the complaint, says:

"This was using the mill in a manner unauthorized by the terms of the contract of partnership, and would justify an injunction, * * * and a dissolution of a partnership may be granted and a receiver appointed on account of the gross misconduct of one or more of the parties. 1 Story's Eq. 635, sec. 672A. To authorize the appointment of a receiver there must be some breach of the duty of a partner, or of the contract of partnership. Harding v. Glover, 18 Ves. 281."

In Apple v. Smith, 106 Kan. 717, 190 P. 8, it is said:

"It is not an uncommon practice in a court of equity to appoint a receiver in winding up a partnership, and especially where one partner wrongfully excludes another from participating in the possession and control as well as the benefits of the business or property of the firm."

Such is the law of this state. Maynard v. Railey, 2 Nev. 313. See, also, Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198; Fitzpatrick v. Rogan, 28 Wyo. 231, 203 P. 245; Dolenga v. Lipka, 224 Mich. 276, 195 NW. 90; Ellis v. Commander, 1 Strob. Eq. (S. C.) 192; 30 Cyc. 473. In partnership cases of this character it is not necessary to aver the insolvency of the defendant.

It is said that in a similar application for a receiver by the plaintiffs herein in the federal court, the proceedings were dismissed because of the failure to aver a cause of action, and that we should give great weight to this decision. The matter was heard and disposed of by that court on a motion to dismiss for want of jurisdiction under section 57 of the judicial code (U. S. Comp. St. sec. 1039). In that matter the court said:

"In as much as plaintiffs acquired no legal title to the contract or the property, and none of their moneys or means were employed in making the purchase, it is impossible to hold that they acquired any lien or claim to the title to the property or to the contract, or that the transaction resulted in creating any incumbrance thereon within the meaning of section 57 of the federal judicial code. * * * This is not to be understood as a decision on the merits of the case. I am simply holding that the facts do not warrant this court in taking jurisdiction."

8, 9. We do not consider the decision of the federal court in point, and, if it were, it would not be binding upon us. That court determined merely a jurisdictional question and not whether facts sufficient were stated to constitute a cause of action. Surely the federal court would have alluded to the decisions of this court, if it had intended to hold contrary to them.

10, 11. It is argued that there is no prayer for an injunction in the complaint; hence no error was committed in denying injunctive relief. There is a prayer for general equitable relief. Such a prayer warrants any relief the party is entitled to. In fact, when there is an answer, the prayer is immaterial, as has often been held, even by this court. Furthermore, defendant evidently knew that plaintiffs intended demanding

injunctive relief, since it demurred to the complaint on the ground that it did not plead facts sufficient to justify the same.

For the reasons given, it is ordered that the petition for a rehearing on the motion to dismiss the appeal be and is hereby denied. It is further ordered that the orders denying plaintiffs' application for an injunction, and for the appointment of a receiver be and are hereby reversed, and the lower court is directed to proceed in accordance with the views herein expressed. It is also ordered that a certified copy of this opinion and order be forthwith transmitted to the clerk of the Second judicial district court of the State of Nevada. Jurisdiction hereof will be retained solely for the purpose of the allowance of costs herein, after which it is ordered that a remittitur issue.

## ON MOTION TO TAX COSTS

June 23, 1927.                              257 P. 1.

1. COSTS—RULE 6.
    Where cost bill, verified as required by supreme court rule 6, showed item for 103 folios for typewriting transcript and statement on appeal and bill of exceptions, objection thereto which did not show that number of folios was determined by actual count or anything to show method by which number of folios was estimated, *held* insufficient to overcome prima facie case made by the verified bill.

2. COSTS—FAILURE TO MOVE TO STRIKE.
    Defendant, having failed to move to strike papers from record because they were not included in proper bill of exceptions, which under Stats. 1915, c. 142, sec. 11, should be attached to order appealed from, and having relied on them in argument on appeal, cannot complain that it should not be taxed with cost of transcript.

C. J.–CYC. REFERENCES
    COSTS—15 C. J. sec. 656, p. 263, n. 33 (new) ; sec. 657, p. 263, n. 45 (new).

On motion by plaintiff to tax costs. **Ruling of the clerk taxing costs affirmed.**

## OPINION

By the Court, SANDERS, C. J.:

Within five days after notice of the decision in this cause the appellants filed with the clerk and served upon

the respondent a verified cost bill in accordance with rule 6 of this court. The respondent, in accordance with the same rule, filed with the clerk and served its objections to the costs claimed. The objections were heard and settled by the clerk, and the costs were taxed at the amount claimed by the appellants, to wit, $70.75. The respondent appeals from the clerk's decision.

1. The second item of the cost bill reads as follows:

"To typewriting transcript and statement on appeal and bill of exceptions, 103 folios at 15 cents, $15.45."

The objections to this item are twofold. The first is that the transcript contains not to exceed 92 folios, and therefore the item of $15.45 as taxed by the clerk should be reduced to $13.80.

Rule 6 of this court requires cost bills to be verified. Otherwise the mere exception to some statement in the cost bill would control. The practice, therefore, is that, upon filing and serving a verified cost bill as required by rule 6, a prima facie case is made, which must be overcome by proof of the party excepting thereto. Clark v. Eltinge, 39 Wash. 696, 83 P. 901.

There is nothing in the papers before us to show that the number of folios was determined by actual count, nor anything to show the method by which the number of folios was estimated. In this situation we are led to the conclusion that the respondent has failed to overcome the prima facie case made by appellants' verified cost bill, and for this reason we shall allow the item of $15.45 to stand.

2. The second objection to the bill is that the appeal in this cause was taken from an order, and, there being no bill of exceptions attached to the order as required by section 11 of chapter 142, Statutes 1915 (3 Rev. Laws, p. 3344), the only papers that may legally be included in the transcript on appeal from such order are the bill of exceptions, the notice of appeal, the undertaking on appeal, and the order appealed from.

The record on appeal, in addition to the notice of appeal, the undertaking on appeal, and the order appealed from, contains copies of the complaint, summons, affidavit of service, order and rule to show cause,

demurrer to complaint, notice of decision, order on rule to show cause, and certificate of the clerk. It is contended that these papers are not legally a part of the transcript; that they are fugitive papers, irrelevant and immaterial, and should be eliminated from the item of cost of the transcript, to wit, $15.45, leaving the sum of $2.10 as the true sum to be allowed as cost of the transcript, thus reducing the total cost taxed from $70.75 to $57.40.

Conceding that the papers specified were not included in a bill of exceptions attached to the order appealed from, nevertheless it appears affirmatively from the record that in arriving at a correct solution of the appeal all said papers and files were treated and used as a part of the record without objection from the respondent.

The respondent, having failed and neglected to move to strike said papers from the record because they were not included in a proper bill of exceptions, and having relied upon them in his argument on appeal, is in no position to complain that it should not be taxed with the cost of their transcription.

The ruling of the clerk is affirmed.